## MILLER v. ALBAUGH.

1. Judgment: VACATION OF: FRAUD. *Semble,* that a false statement, in a pleading which the opposite party has a full and fair opportunity to deny, will not amount to such a fraud as will constitute a sufficient ground for the vacation of the judgment, under subdivision 4, section 3499, of the Revision.

2. —— UNAVOIDABLE CASUALTY OR MISFORTUNE. The unavoidable casualty or misfortune, mentioned in subdivision 7, of said section, must be such as to prevent the party from defending. The mere loss of a note, constituting a defense, would not be sufficient, as the party might avail himself of it as a defense, by proving its contents, after establishing its loss.

3. —— DILIGENCE. To entitle a party in either case, to have a judgment vacated, he must prove the exercise of due diligence on his part, as well as the existence of good cause.

*Appeal from Louisa District Court.*

THURSDAY, JANUARY 30.

THIS is a proceeding to vacate a judgment, and is brought under section 3501 of the Revision, to obtain the benefit of subdivisions 4 and 7 of section 3499. The petition was filed on the 21st day of March, 1867, and states, that, at the October Term, 1866, the defendant, Albaugh, in a cause entitled *T. J. Moore, for the use of John*

*Albaugh*, v. *Wm. P. Miller and J. S. Grubb*, recovered a judgment by default, for $274.91, upon a non-negotiable note, made by said judgment defendants and another, to said Moore, dated September 26, 1856, payable in thirty days; that said Moore died in April, 1862, the owner of said note, and Albaugh has no real interest in it; that the same was never indorsed, and still is the property of said Moore's estate; that plaintiff held and owned a negotiable note, executed to him by said Moore, for $275, dated June 16, 1856, and payable in ninety days; which note still belongs to plaintiff, and was, by agreement made in Moore's life-time between him and Moore, to be used in the payment of the note upon which the judgment was rendered in favor of Albaugh as above stated; that Moore was insolvent, and, after the agreement to adjust the mutual claims as above, plaintiff laid his note away until it was barred by the statute of limitations; that, at the time suit was brought against him by Albaugh, he could not find the note made to him by Moore, and did not, until after the judgment was rendered, and could make no good defense to said suit. " Plaintiff avers, that a fraud was practiced by Albaugh in the suit wherein judgment was rendered, for that the pleadings represent the note as his individual property, which plaintiff now denies. Plaintiff further avers, that, by reason of an unavoidable misfortune, he was prevented from defending in said cause, being then unable to find the note which is now set up as a defense." He therefore prays that the judgment be vacated, and he permitted to defend, etc.

To this petition defendant demurred, because, first, it did not show, that plaintiff exercised due diligence in the defense of the suit by Albaugh against this plaintiff, and, second, it did show, that plaintiff could have interposed his defense before judgment was rendered.

This demurrer was overruled. The defendant stood upon his demurrer, and an order vacating the judgment was made. Defendant excepted and appeals.

*D. N. Sprague* for the appellant.

*Austin M. Williams* and *Joshua Tracy* for the appellee.

COLE, J. — By section 3499 of the Revision of 1860, it is provided, that the District Court shall have power, after the term at which a final order or judgment is made, to vacate the same (subdivision 4), " for fraud practiced by the successful party in obtaining the judgment or order." The only fraud alleged in this case, is, that Albaugh in his petition stated, that the note was his individual property. It may admit of question, whether a false statement in a pleading, which the opposite party has a full and fair opportunity to deny, can, under any circumstances, amount to fraud.

*1. JUDGMENT: vacation of: fraud.*

Subdivision 7: " For unavoidable casualty or misfortune, preventing the party from prosecuting or defending." The casualty or misfortune in this case, was the loss of the note. It will be observed, that, by the language of the statute, the unavoidable casualty or misfortune must be such as to *prevent* the party from defending. But it is clear, that the loss of the note could not prevent the party from availing himself of it as a defense. For, if it was lost, the party might still prove, that it once existed, and was now lost, and thereby have as full benefit from it as by the production of the note itself.

*2. —— casualty or misfortune.*

But, as to both the causes alleged in the petition, the demurrer is well taken. To entitle a party to have a judgment or order vacated, it is necessary,

*5. —— diligence.*

that he aver and prove the exercise of due diligence on his part, as well as the existence of a good cause of action or defense. The general rules, as to diligence, applicable to motions for new trials, obtain with equal force to proceedings under chapter 141 (§§ 3495 to 3506) of the Revision. By the use of ordinary diligence this plaintiff could have filed his answer in the original action controverting the allegation of ownership of the note by Albaugh, and also have set up the lost note as a defense. Having voluntarily suffered a default he must abide the consequences of his own act.

Reversed.