SMITH v. PINNEY.

## Smith v. Pinney.

PRACTICE: *Reinstating cause; unavoidable accident.* A petition to reinstate a cause dismissed at a term prior to filing the same for want of prosecution, alleging as excuse a change by general statute of the time of holding the Court, of which the petitioner had not knowledge, does not show unavoidable casualty or misfortune entitling him to relief.

——: ——. An order on such petition to reinstate a cause is not an exercise of discretion merely, but is subject to review in the Supreme Court.

——: ——. In an appeal from a justice's judgment to the District Court, the defendant's death was suggested, and his administrator substituted, and the cause continued. At next term, the plaintiff neither filed his petition, nor appeared; and, on defendant's motion, the cause was dismissed for want of prosecution. At the following term, the plaintiff filed his petition to reinstate, alleging that he was ignorant of the time at which the preceding term was held, the same having been changed by recent statute not published, although grand and petit jurors were summoned from the body of the county, and all the machinery of a court put in operation. *Held,* that a case was not alleged.

This was a petition in error filed to obtain a reversal of an order reinstating a cause, dismissed out of the District Court for Nemaha County for want of prosecution. The facts fully appear in the opinion of the Court.

*Thomas & Broady,* for plaintiff in error.

1st, An order of the District Court vacating a judgment rendered at a previous term, and reinstating the original case on its docket for trial, is an order affecting a substantial right, in a special proceeding, in an action after judgment, within the meaning of sect. 581 of the *Code of Civil Procedure. Taylor* v. *Fitch,* 12 *Ohio State,* 169; *Huntington* v. *McIntyre,* 3 *Ohio State,* 444; *Watson* v. *Sullivan,* 5 *Ohio State,* 42.

SMITH *v.* PINNEY.

2d, A petition in error to reverse such an order may be filed while the original action is pending. See the cases above referred to ; also *Miller* v. *Albaugh*, 24 *Iowa*, 130 ; *Schaeffer et al.* v. *Marienthal, Lehman, & Co.*. 17 *Ohio State*, 183.

3d, Any inconvenience that may arise from this practice may be obviated by a continuance of the case below until the proceeding in error is terminated, and then dismissing it, or proceeding in it, according to the final result in the reviewing court. *Schaeffer et al.* v. *Marienthal, Lehman, & Co.*, above cited.

4th, The petition to reverse the judgment does not state facts sufficient to constitute a cause of action. Under such circumstances, no judgment can be legally rendered against the defendant, whether he demurs, or answers without demurring, or allows judgment to be taken by default. The objection is fatal on error. *Swan's Pleading and Prec.*, 240, and authorities there referred to ; *Montg. Co. Bk.* v. *Albany City Bk.*, 3 *Seld.*, 464.

5th, The discretionary control of the Court over its own orders and judgments during the term at which they are entered ends with term ; and the power of the Court to set aside or vacate the judgment subsequent to the judgment term is governed by settled principles, to which the action of the Court must conform, and for a departure from which a judgment or order of the Court may be subject to reversal on proceeding in error. *Huntington & McIntyre* v. *Finch & Co.*, 3 *Ohio State*, 445.

6th, If the proceeding to vacate the judgment can be sustained at all, it must be under the seventh subdivision of sect. 602 of the Code.

7th, The petition does not allege in the words of the subdivision that there was any " unavoidable casualty

SMITH *v.* PINNEY.

or misfortune preventing the party from prosecuting or defending ; " nor does it allege any facts to bring the case within the meaning of that subdivision. Unavoidable casualty or misfortune means the act of God, — as sickness, death, storm, &c., — and does not mean ignorance of any kind, much less of law ; and it is necessary that the party applying should show the exercise of due diligence. *Howard* v. *Amberg*, 1 *West, Law Ma.*, 278 ; *Miller* v. *Albaugh*, 24 *Iowa*, 128 ; *Seney's Ohio Code*, 408, 409.

8th, Sect. 606 of the Code requires that a judgment shall not be vacated until it is adjudged that there is a valid cause of action in the proceeding in which the judgment was rendered. This was not done by the District Court ; and therein there was error.

*Hewett & Newman*, for defendant in error.

1st, That error cannot be assigned on the decisions of the Court below of a motion founded upon affidavit to vacate a judgment, such motion being addressed to the sound discretion of the Court ; and the following authorities are referred to : *The City of Detroit* v. *Jackson*, 1 *Douglas, Mich. R.*, 106 ; *Van Renssellaer* v. *Whiting*, 12 *Mich. R.*, 449 ; cited in *Cooley's Michigan Digest*, title *Error*, sect. 1539.

2d, The affidavit sets forth a sufficient showing of facts to bring the case clearly within the seventh subdivision of sect. 602 of the *Code of Civil Procedure ;* to wit, that the plaintiff below was " prevented from prosecuting by unavoidable misfortune." Upon this point it is claimed, —

1st, That under sect. 1, *Code of Civil Procedure, Revised Statutes*, page 394, the statute must be liberally construed.

SMITH v. PINNEY.

2d, That the said seventh subdivision of sect. 602 is intended as a substitute for, and is substantially the same remedy as is allowed in, equity for relief against accident, surprise, &c.    *Nash's Pleadings and Practice*, page 700.

3d, That there is a legal definition applicable to the words " casualty and misfortune," which requires the cause of failure of plaintiff below to prosecute in this instance to be considered both a casualty and a misfortune.

Bouvier's *Law Dictionary* defines the word " casual " to be accidental; and, for the legal definition of " accident," see *Story's Equity Jurisprudence*, sects. 78, 79, 90, 91, 92.

LAKE, J.

This case was brought by *Smith* against *Fraker* before a justice of the peace; from whose judgment it was appealed to the District Court.   At the March term, 1870, on the suggestion of the death of Fraker, the action was duly revived, and continued against Pinney as the administrator of his estate.

Nothing further was done until the September term of the same year, when Pinney, the defendant, filed his motion to dismiss the case for want of prosecution.    This motion was sustained, and judgment rendered against Smith for costs.

After the final adjournment of the Court at this term, Smith filed his petition for the vacation of the judgment of dismissal, which was heard at the following term, and granted; to which exception was duly taken by the defendant.

The facts set forth in the petition are admitted, which presents to us the single question, whether they author-

ized the Court to vacate the judgment which it had rendered at a former term.

Our statute, sect. 602, of the *Code of Civil Procedure*, provides that the District Court shall have the power to vacate or modify its judgments, after the term at which they are made, for certain specified causes. One of these causes, and the one relied upon by the defendant in error, is " for *unavoidable* casualty or misfortune, preventing the party from prosecuting or defending."

But do the allegations of the petition, when given their utmost force, bring the case within the operation of this statute? They are set forth in these words: " That the said plaintiff was fully expecting and preparing to be present at the said term of Court, and prosecute the said suit; and that he was informed, and firmly believed, that the said term of the Court was to be held on the second Monday in September, 1870, and was making his preparations to have his testimony before the Court at that time; yet that the term of the said Court was held on the first Monday of September, and that he did not learn this fact until the Court had finally adjourned; and that he was living at the time in Richardson County, and had no opportunity of learning the time of holding courts in Nemaha County; that the law fixing the time of holding courts in Nemaha County had been changed, and that the same had not been generally published and known; that the said plaintiff came on the week after Court had adjourned with his testimony, and found that the case had been called up, and dismissed for want of prosecution, and that he had been adjudged to pay the costs."

The only legitimate inference to be drawn from this statement is, that the plaintiff was ignorant of the law fixing the terms of Court for the county of Nemaha. In this he may have been unfortunate; but it cannot be

SMITH *v.* PINNEY.

said to have been such unavoidable casualty or misfortune as is contemplated by the section of the statute above referred to. The statute in question was a general law of the State, under which grand and petit jurors had been summoned from the body of the county, the whole machinery of the Court put in motion, and the business of the term duly transacted.

It is a very familiar rule, quite applicable to this case, that ignorance of the law will furnish no excuse. Were this otherwise, there would be no end to litigation, nor any stability to the judgments of courts.

It is the duty of the courts to require a reasonable degree of diligence on the part of a suitor in the prosecution of his case. He has no right to require the attendance of the defendant term after term, while he is doing nothing to bring the case to issue and trial. When no greater attention is manifested by a plaintiff than this record discloses, he has no just cause for complaint if he is sent out of court with costs taxed against him.

From an examination of the record in this case, we find that the action was pending in the District Court at the March term, when the administrator was substituted for the original defendant. It was then continued to the September term; up to which time no petition had been filed, nor any attention whatever given to the case by the plaintiff. He might well have been considered as having abandoned his suit.

It is the duty of a plaintiff to give prompt attention to and prosecute his case with vigor; and, if he do so, it will not drag through two terms of court and a six-months' vacation without a petition being filed, or any other step taken to hasten it to final judgment. It is not a case of unavoidable casualty or misfortune, but rather of extreme indifference and neglect on the part of the plaintiff. *Miller* v. *Albaugh,* 24 *Iowa,* 128.

SMITH v. PINNEY.

But it is said that the power of the District Court over its own judgment is entirely discretionary, and not subject to review by this Court. This is true of its orders made during the term at which the judgment is rendered; but this discretion ends with the rising of the Court. Thereafter this power must be exercised within the limits prescribed by the statute, and governed by fixed principles of law. To these the courts must confine their action; and any substantial departure therefrom, resulting in an injury to a suitor, may subject their judgment to review and reversal by proceedings in error. *Huntington & McIntyre* v. *Finch & Co.*, 3 *Ohio State*, 445; *Taylor* v. *Fitch*, 12 *Ohio State*, 169.

It may be unfortunate to the defendant in error not to have a trial of his case upon the merits: if so, it is the result of his own inaction, and not any fault of the plaintiff in error, or of any hard rule of the law.

When a case is taken into the District Court by appeal, a reasonable degree of care and prudence requires the parties to take counsel of persons learned in the law at once, that they may be duly advised of what is necessary to be done to protect their respective interests. If they fail to do so, and loss is thereby occasioned, they have only themselves to find fault with or blame.

It is a right which a defendant may insist upon, that his case shall go forward to final judgment with all reasonable speed; and it is the duty of the Court to protect him in this right, and to guard him against all unnecessary delays.

We are of opinion that the facts set forth in the petition did not authorize the Court below to vacate its former judgment; and that its order in that behalf should be vacated, and the said judgment of dismissal reinstated.

Judgment accordingly.