ANDREW WISE, PLAINTIFF IN ERROR, v. C. H. FREY, DEFENDANT IN ERROR.

1. **Power of the Court to Perfect an Informal and Inconclusive Judgment Rendered at the Same Term.** In an action of replevin the defendant filed a general demurrer to the plaintiff's petition. Demurrer sustained by the court. Plaintiff standing on his petition, on December 18, 1877, judgment was rendered in the following words: "It is therefore ordered and adjudged by the court that the plaintiff's said action be and the same is hereby dismissed, and that the defendant have and recover judgment for his costs herein," etc. Afterwards, on the 8th day of February, 1878, the district court having adjourned from the 18th day of December, 1877, to the 4th day of January, 1878, and from the last named·day to the said 8th day of February, 1878, and being then in session as of the November term, 1877, the said judgment was by the court modified to read as follows: "It is therefore hereby adjudged and determined by said court that the defendant do have a return of said property, or the value thereof, as found by said court in case a return cannot be had, and that the plaintiff's· cause of action against the defendant is hereby dismissed, and that the defendant go hence without day and that he have and recover his costs," etc. *Held,* That the district court had the right in its discretion· to make such modification, and that the same, being

a matter of discretion on the part of the district court, is not for that reason subject to review in the supreme court.

2. **Effect of taking Cause to the Supreme Court on error.**
At the time of the modification of the judgment, Feb. 8, 1878, there was pending in the supreme court a case on error brought by the plaintiff against the defendant for alleged errors in the said judgment as first rendered. *Held,* That the bringing of such action in error did not oust the district court of jurisdiction to make the said modification of such judgment, pending said action in error in the supreme court.

ERROR to the district court of Cuming county, the case being thus:

In 1877 plaintiff filed a petition in the district court, claiming the ownership and right of possession of certain personal property therein described; at the November term, 1877, defendant filed a general demurrer to said petition, which demurrer was on the 18th day of December argued and sustained by the court, and an order entered accordingly. Afterwards, on the 9th day of January, 1878, a stipulation, signed by the attorneys of both parties, was filed in said cause, by which the journal entry of December 18th was erased, and another entered sustaining the demurrer, dismissing the action, and rendering judgment against the plaintiff for costs. From this judgment defendant prosecuted a petition in error to this court, which was argued at the January term, 1878, and on the 6th day of March, 1878, the judgment of the lower court, sustaining said demurrer and dismissing said action at the costs of plaintiff, was affirmed (7 Neb., 134), and a mandate directing the district court to enforce said judgment was filed in said court on the 9th day of March, 1878. On the 18th day of December the district court was adjourned until January 4, 1878, and on January 4, 1878, the court was adjourned until February 8, 1878. On the

said 8th day of February, 1878, while the action was pending in this court, a second judgment was rendered against said plaintiff for a return of property, etc., and in default thereof a judgment for the sum of $406.45 and costs of suit taxed at $22.53; plaintiff moved to vacate and set aside said second judgment, which was refused by the court, and he brought the cause here upon a petition in error.

*R. F. Stevenson*, for plaintiff in error.

1.   A judgment is the final determination of the rights of parties in an action.   Gen. Stat., p. 576, § 428.   *State of Kansas v. McArthur*, 5 Kan., 280.   A judgment is conclusive when entire.   *U. P. Railway Co. v. McCarty*, 8 Kan., 126.

2.   The court had no jurisdiction to render a second judgment dismissing said cause of action, and for a return of property, or in default of the return thereof a moneyed judgment for the sum of $406.45, and costs of suit taxed at $22.53, while said action was pending in supreme court upon a former judgment entered in same action.   There must be some limit to the court in regard to rendering judgments in one and the same action, and more especially so after an action has been dismissed and fully determined.   22 Wis., 304.   29 Wis., 34.   2 Wis., 507.   25 Wis., 507.   25 Wis., 517.   The law regulating judgments in replevin suits in certain cases does not contemplate that a judgment for damages or value of the property may be given long after the dismissing of the case, but at one and the same time.   Session Laws, 1875, p. 244.

*Crawford & McLaughlin*, for defendant in error.

COBB, J.

There can be no doubt of the power or of the duty of the district court upon sustaining the demurrer to

the petition, the plaintiff (in the court below) not asking leave to amend, but electing to stand upon his petition to render judgment in favor of the defendant for the return of the property replevied, and if such return could not be had, then for the value of the property replevied on proof of such value and amount of damages. Such appears to be the provision of the act of February 25, 1875. [Laws, 1875, p. 44.] And this court must presume that there was such proof in the district court, there being nothing to the contrary in either of the bills of exceptions in the case.

It is equally clear that the court ordinarily retains jurisdiction to perfect or modify any of its judgments in accordance with the facts and the law of the case up to the final adjournment of the term.

Nor was this power taken away or suspended by reason of the pendency in this court of a case in error to reverse the judgment of the district court sustaining the demurrer of the defendant on the 18th of December, 1877, the date of the action of the district court complained of. The plaintiff had one year in which to commence his proceedings in error, and by commencing before the final adjournment of the term he took the risk, if risk it was, of having the said judgment modified and perfected pending his proceedings in error. But the form or scope of the said judgment was in no manner involved in the said case in error, and the judgment of this court thereon was equally applicable thereto in its modified as in its original form. See *Wise v. Frey,* 7 Neb., 134.

The power of the district court over its own judgments during the term at which the judgment is rendered is entirely discretionary, and not subject to review by this court. *Smith v. Pinney,* 2 Neb., 139. *Huntington & McIntyre v. Finch & Co.,* 3 Ohio State, 445. *Taylor v. Fitch,* 12 Id., 169.

There being no error in the record, the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.