MENTOR A. BROWN, PLAINTIFF IN ERROR, V. ELIZABETH
    E. BROWN, DEFENDANT IN ERROR.

1.  Jurisdiction: ACTION FOR DIVORCE.  Action for divorce
    commenced in Gage county, where plaintiff resides.  Summons
    issued to the sheriff of, and served on the defendant in, Nuck-
    olls county.   *Held*, that the action was properly brought in
    Gage county, and that the service on defendant in Nuckolls
    county gave the court jurisdiction of the person of the defend-
    ant.

2.  ———: SERVICE OF SUMMONS:   RETURN.   The return on
    the summons was as follows: " On the twenty-seventh day of
    August, 1879, I served the within writ of summons on the
    within named Elizabeth E. Brown, by reading and delivering
    a true and certified copy of the original, with all the indorse-
    ments thereon, as required by law."   *Held*, that in the absence
    of objection or motion to quash for insufficient return, the ser-
    vice was good.

ERROR from Gage county.

*Hale & Hardy*, for plaintiff in error.

*Colby & Hazlett*, for defendant in error.

COBB, J.

The principal question arising in this case is, whether
in an action for divorce a summons may issue directed
to the sheriff of, and be served on the defendant in, a
county other than that in which the plaintiff resides
and in which the action is brought.

Section 7 of chap. 19, General Statutes, page 345,
provides as follows : " A divorce from the bonds of
matrimony may be decreed by the district court of the
county where the parties, or one of them, resides," etc.

Upon looking into the petition it appears that the
plaintiff and defendant intermarried at Beatrice, Gage

county, in 1873; that they continued to be residents of the state of Nebraska up to the time of the commencement of the action, and that at that time the plaintiff was a resident of Gage county. The ground for divorce set up in the petition is extreme cruelty. The several acts of cruelty are charged to have been committed at Beatrice, Gage county, covering a period of time extending up to within twenty days of the commencement of the action. Nothing appears to show that the defendant had changed her residence from Gage county, or that she resided in any other county. But the summons issued from the district court of Gage county was directed to the sheriff of Nuckolls county and served on the defendant in the latter county.

The language of the section above quoted would seem to give the district court of the county of the residence of the plaintiff jurisdiction, and I fail to see any objection to such jurisdiction in the nature of the case or in the policy of the law. Indeed, I think that this case furnishes an apt illustration of the reasonableness if not of the necessity of such an enactment.

Taking the allegations of the petition for true, as we must for the purpose of considering the question now before us, the county of Gage is the proper place of trial. That county is the place of the legal residence of the family; the parties were married there, and the acts which are claimed to constitute a ground for divorce were committed there.

The case at bar probably does not come within the express provisions of the statute for the service of summons outside of the county where it is issued. But it is clearly within the power of a court of equity, in the absence of statutory provisions, to direct a summons or subpœna to be served anywhere in the state, and I think that the process having been issued

to the sheriff of Nuckolls county and served there, in the absence of any suggestion of unfairness or want of due notice in point of fact on the part of the defendant, the district court should have held such service good; for the court having jurisdiction of the cause, and the defendant being actually before the court by counsel, it was an idle ceremony to turn the parties out of court to await the doing of that by order of the court which had already been done without such order.

The defendant in error makes the further point that the return of the officer who served the summons does not show a proper and legal compliance with the statute.

The officer certifies that " on the twenty-seventh day of August, 1879, I served the within writ of summons on the within named Elizabeth E. Brown, by reading and delivering a true copy of the original with all the indorsements thereon, as required by law." This return would probably have been quashed had a motion for that purpose been made, unless the same could have been amended according to the facts, so as to comply with the law. But in the absence of such motion the court could take no notice of the want of formality of the return.

The judgment of the district court sustaining the motion of defendant, and ruling and deciding that it had no jurisdiction of said cause for the reasons assigned in said motion, is reversed, and the cause remanded, with direction to the district court to proceed therein in accordance with law.

REVERSED AND REMANDED.