A. B. SYMNS ET AL., APPELLANTS, V. HANNAH NOXON
ET AL., APPELLEES.

[FILED APRIL 29, 1890.]

Foreclosure: DECREE: MODIFICATION WITHOUT NOTICE. A decree foreclosing a mortgage on real estate was rendered February 4, 1886. Two orders of sale were issued under this decree and a return made, property not sold for want of bidders. In June, 1887, a petition to modify the decree was duly filed and an order made modifying the decree by including property not described in the original decree. No notice of the latter petition was given to the adverse party. A sale of the property described in the latter decree was thereupon had. On a motion being made to set aside the sale because a sale under the modified decree was unauthorized, *held*, that the modified decree, so far as it changed the original, was a nullity and the sale thereunder must be set aside.

APPEAL from the district court for Gage county. Heard below before BROADY, J.

*A. H. Babcock*, for appellant, cited as to the want of of notice: Code, secs. 602-4; *Pringle v. Dunn*, 39 Wis., 435; *Williams v. Williams*, 13 N. W. Rep. [Wis.], 274; *Hettrick v. Wilson*, 12 O. St., 136; *Wright v. Sweet*, 10 Neb., 192; *Brown v. Edgerton*, 14 Id., 454.

*R. S. Bibb*, contra.

MAXWELL, J.

On the 4th day of February, 1886, a decree of foreclosure and sale was rendered in favor of the plaintiffs in the district court of Gage county as follows:

"Said cause coming on to be heard for final decree upon the pleadings and evidence of the parties plaintiff and defendant, the court finds that there is due plaintiffs from defendant Hannah Noxon the sum of $603, and that the same is the first lien on said real estate mentioned in plaintiffs' petition, to-wit, lot 7, in block 9, in the town of Adams, Gage county, Nebraska, according to the recorded plat thereof. The court further finds that there is due Tootle, Hosea & Co. $956, which is a second lien on said property still in the name of Hannah Noxon only after her said deed of general warranty to the defendant Adams Lodge No. 106, Independent Order of Odd Fellows, dated June 5, 1884, of that part of said premises described as follows, to-wit: commencing at a point 40⅓ feet north of the S. W. corner of lot No. 7 of block 9, and from this point 36⅙ feet north, thence 20⅓ feet east, thence 36¼ feet south, thence west to the place of beginning, and that the judgment of Tootle, Hosea & Co. and that the mortgage of M. E. Smith & Co. are not liens on the interest of said Adams Lodge No. 106, Independent Order of Odd Fellows."

On the 10th day of June, 1887, a petition for a further order of said court was filed therein as follows:

"Plaintiff further alleges that on, to-wit, the 21st day of June, A. D. 1886, an order of sale was issued out of said district court upon said decree by the clerk thereof to the sheriff of Gage county, Nebraska, commanding him to sell the premises as directed in said decree according to law; and plaintiff alleges that, as commanded in said order of sale and provided for in said decree, the sheriff of Gage county twice proceeded to appraise and advertise said premises for sale, but that on account of said sale being after the warranty deed made by Hannah Noxon to the said Adams Lodge No. 106, Independent Order of Odd Fellows, as provided in said decree, no sale of the property could be made on the day of sale, as no one would bid on the property subject to said conveyance or on the portion remaining after said deed of warranty.

"Wherefore the plaintiff prays this court for a further order founded upon said decree directing the sale of the whole of the said mortgaged premises to satisfy the judgment recited in said decree, to-wit, the judgment, $603, rendered in favor of the plaintiff and against the defendant Hannah Noxon."

No notice, so far as the record discloses, was given of this petition, and without such notice the decree was modified as prayed. An order of sale was thereupon issued and the property sold under the modified decree. A motion was thereupon filed by Shaw to set aside the sale for various causes, among which is the following: Because no notice was served upon the defendant of the application to modify the decree. This objection is sustained by the record, and is sufficient to require the setting aside of the modified decree and the sale thereunder. After a final decree is rendered in a case, a change or modification, even if made at the same term, must be upon notice to the adverse party. This is necessary to protect the rights of all the

parties to the action.    After the expiration of the term at
which a judgment is rendered, the discretion of the court
over its own judgments ceases and thereafter must be "gov-
erned by fixed principles of law." (*Smith v. Pinney,* 2 Neb.,
145; *Huntington v. Finch,* 3 O. St., 445; *Taylor v. Fitch,* 12
Id., 169; *Wise v. Frey,* 9 Neb., 217; *Hansen v. Bergquist,*
9 Id., 277; *Volland v. Wilcox,* 17 Id., 46.)

No notice having been given of the pendency of the
petition to modify the decree, the order modifying the same
is a nullity, and the sale thereunder must be set aside.

The judgment of the district court is reversed and the
cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.