McCord, Brady & Co. et al. v. Gus Hamel.

Filed September 22, 1897. No. 7409.

1. **Instructions: Assignments of Error.** Errors in respect to giving instructions must be separately assigned.

2. **Review: Assignments of Error.** An assignment that the court erred in overruling a motion for a new trial, when such motion is based upon several distinct grounds, is too general.

3. ———: **Waiver.** Assignments of error not argued will not be reviewed.

Error from the district court of Douglas county. Tried below before Scott, J. *Affirmed.*

*Cavanagh & Thomas* and *B. N. Robertson,* for plaintiffs in error.

*I. C. Bachelor, contra.*

Norval, J.

This was replevin by Gus Hamel against Gustave Pegau to recover possession of a stock of groceries. The latter claimed possession under a chattel mortgage, while plaintiff asserted title by purchase from one John E. Nelson. McCord, Brady & Co., Consolidated Tank Line Company, and Consolidated Coffee Company intervened in the action and set up that they were creditors; that they severally commenced attachment proceedings, and garnished Pegau while he was yet in possession of the property, and that the transfer from Nelson to Hamel was fraudulent and void. Issues were joined, and upon the trial a verdict was returned in favor of plaintiff, upon which judgment was rendered. The defendant and intervenors severally prosecute proceedings in error.

The intervenors assign two errors: (1) That there was error in giving instruction No. 2; (2) the court erred in overruling their motion for a new trial.

The charge of the court consisted of eleven para-

graphs, numbered consecutively from 1 to 11, both inclusive. The entire eleven were grouped in a single assignment in the intervenors' motion for a new trial, while they were interested alone in the giving of instruction No. 2, since the other ten submitted the issues involved between the plaintiff and defendant. The assignment not being well taken as to each instruction, must be overruled as to all, and instruction No. 2 cannot be reviewed. (*Ætna Ins. Co. v. Simmons*, 49 Neb., 811; *Denise v. City of Omaha*, 49 Neb., 750.)

The assignment that the court erred in denying the motion for a new trial is too general to be available, since such motion was based upon seven distinct grounds. (*Glaze v. Parcel*, 40 Neb., 732; *Conger v. Dodd*, 45 Neb., 39; *Pearce v. McKay*, 45 Neb., 296; *Moore v. Hubbard*, 45 Neb., 612.)

The assignments in the petition in error of Gustave Pegau were neither argued at the bar nor in the briefs, hence are waived. (*Gaines v. Bonnell*, 45 Neb., 260; *Johnson v. Gulick*, 46 Neb., 817; *Wood v. Gerhold*, 47 Neb., 397.) The judgment is accordingly

AFFIRMED.

HARRISON, J., not sitting.