JACKSON BRADLEY v. AUGUSTUS B. SLATER.

FILED JUNE 9, 1898. No. 9977.

1. **Opening Judgments: POWER OF COURT.** In furtherance of justice the district court may vacate or modify its own judgments at any time during the term at which they were rendered.

2. **Assignments of Error: NEW TRIAL.** An assignment in a petition in error that "the court erred in overruling the motion for a new trial" cannot be considered when the motion is based on several distinct grounds.

3. **Vacating Judgment:** Review of Order. A judgment of the district court was vacated during the term at which it was rendered in response to a motion assigning as grounds therefor, (1) accident and surprise, (2) irregularity in the proceeding, (3) misconduct of the prevailing party, and (4) insufficiency of the evidence. The moving party failed to establish the existence of any of the first three grounds assigned in his motion. The evidence taken on the trial was not preserved in a bill of exceptions. *Held,* That the reason for the court's action not appearing, it will be presumed the evidence was insufficient to support the judgment and that the motion was sustained for that reason.

Error from the district court of Douglas county. Tried below before Dickinson, J. *Affirmed.*

*Warren Switzler,* for plaintiff in error.

*Duffie & Van Dusen, contra.*

Sullivan, J.

This is a proceeding in error brought to review the action of the district court of Douglas county in setting aside a judgment rendered in favor of the plaintiff and in refusing to set aside a verdict subsequently returned in favor of the defendant. This is the second appearance of the case in this court. When it was here before a judgment in favor of the defendant was reversed for want of sufficient evidence to support it, and the cause remanded for further proceedings. (*Bradley v. Slater,* 50 Neb. 682.) The mandate was filed in the office of the clerk of the district court on April 6, 1897, and the same day, on the motion of the plaintiff, and by direction of the court, it was spread upon the journal and the cause entered on the bar and trial dockets for the next term, which commenced May 3, 1897. It was also listed on the judge's bulletin of cases and published in the Law and Mercantile Reporter, to which defendant's attorneys were subscribers. On the first day of the May term the case was regularly reached for trial and tried in the absence of defendant and his counsel. The plaintiff had

judgment. On June 4, 1897, but before the adjournment of the May term, the defendant filed a motion for a new trial, which was sustained by the court. The grounds of the motion were: "(1.) Said judgment was obtained by accident and surprise which ordinary prudence could not guard against. (2.) Irregularity in the proceedings of the court by which the defendant was prevented from having a fair trial. (3.) Misconduct of the prevailing party. (4.) The judgment is not supported by sufficient evidence and is contrary to law."

The evidence introduced on the hearing of the motion relates entirely to the first, second, and third assignments, and is, we think, clearly insufficient to sustain any of them. The ground upon which the court sustained the order, however, is not disclosed, and we are warranted in presuming that it was for the reason alleged in the fourth assignment. The evidence upon which the judgment was based is not before us and we are, consequently, in no position to judge of its adequacy. If the trial court underestimated its probative value, that fact is not established by the record. We are, therefore, without affirmative proof that error was committed in awarding a new trial.

That the motion was not filed within the time limited by the statute is a matter of no importance. Courts of general jurisdiction are endowed by law with ample discretionary power to vacate or modify their own judgments at any time during the term at which they were rendered upon being satisfied that such action will be in furtherance of justice. (*Smith v. Pinney*, 2 Neb. 139; *Volland v. Wilcox*, 17 Neb. 46; *Harris v. State*, 24 Neb. 803; *Symns v. Noxon*, 29 Neb. 404; *Bigler v. Baker*, 40 Neb. 325.)

It is argued that the verdict returned in favor of the defendant is not sustained by sufficient evidence, and that the court erred in refusing to set it aside and grant a new trial of the cause. The record does not properly present this question for decision, and we do not decide it. There are twenty-nine assignments of error in the

motion for a new trial, while the only assignment in the petition in error, in addition to the one already considered, is the following: "The court erred in overruling the motion for a new trial filed by the plaintiff on the 4th day of October, 1897, and erred in refusing to set aside the verdict rendered on October 2, 1897." It is indisputably settled by the decisions of this court that such an assignment does not indicate with practical definiteness which of the numerous reasons assigned in the motion for a new trial is now relied on as a ground for reversal. (*Glaze v. Parcel*, 40 Neb. 732; *City of Chadron v. Glover*, 43 Neb. 732; *Stein v. Vannice*, 44 Neb. 132; *Sigler v. McConnell*, 45 Neb. 598; *McCord v. Hamel*, 52 Neb. 286; *Phœnix Ins. Co. of Hartford v. King*, 52 Neb. 562; *Weber v. Kirkendall*, 44 Neb. 766.) The judgment of the district court is

AFFIRMED.