### ATLEE HART v. GUS WEBER ET AL.

FILED JANUARY 19, 1899. No. 8659.

1. **Assignments of Error.** An assignment in a petition in error, "er-
rors of law occurring at the trial," presents nothing for review.

2. ———: NEW TRIAL. An assignment in a petition in error that
there was error in overruling the motion for a new trial is too
indefinite for consideration where such motion is based upon
several different grounds.

3. **Conflicting Evidence: REVIEW.** A verdict based upon conflicting
evidence will not be disturbed on review, unless clearly wrong.

4. **Errors in Verdict: REVIEW.** Alleged error in the verdict will not
be considered on review when not raised either in the motion
for a new trial or petition in error.

ERROR from the district court of Dakota county.
Tried below before KEYSOR, J. *Affirmed.*

*Jay & Welty*, for plaintiff in error.

*Lohr, Gardiner & Lohr* and *William P. Warner*, contra.

NORVAL, J.

Atlee Hart instituted an action of replevin to obtain possession of 125 bushels of corn and 75 bushels of oats. The jury found the right of property and the right of possession in the defendants. Plaintiff has prosecuted error from the judgment entered thereon, alleging in the petition in error: (1) the verdict is not sustained by sufficient evidence; (2) verdict is contrary to law; (3) errors of law occurring at the trial; (4) the court erred in overruling the motion for a new trial.

The third assignment above set forth is insufficient to present any question for review by this court. (*Murphy v. Gould*, 40 Neb. 728; *Houston v. City of Omaha*, 44 Neb. 63; *Mullen v. Morris*, 43 Neb. 596; *Wanzer v. State*, 41 Neb. 238; *Imhoff v. Richards*, 48 Neb. 590; *Boyd v. Mains*, 52 Neb. 314; *McCord v. Hamel*, 52 Neb. 286.)

The fourth assignment is too indefinite for consideration, since the motion for a new trial presented several different grounds therefor. (*Glaze v. Parcel*, 40 Neb. 732; *Stein v. Vannice*, 44 Neb. 132; *Sigler v. McConnell*, 45 Neb. 598; *Conger v. Dodd*, 45 Neb. 36; *Wax v. State*, 43 Neb. 19; *McCord v. Hamel*, 52 Neb. 286.)

It is not insisted here that the verdict is contrary to law, but it is argued that the evidence is insufficient to sustain the verdict. Plaintiff claimed the possession of the property by virtue of a chattel mortgage given by the defendants on "40 acres of wheat, * * 60 acres of corn, * * situated on S. W. N. E. and W. ½ S. E. and S. E. S. W. sec. 31, twp. 28, range 1," to secure the payment of two promissory notes,—one for $200 and the other in the sum of $225. The defendants insist that both notes have been paid in full. A perusal of the evidence preserved in the bill of exceptions satisfies us that the same supports the finding of the jury for two reasons: In the first place there is not a scintilla of evidence to show that the property replevied is embraced in plaintiff's mortgage. Mr. Hart, the plaintiff, was his only witness,

and when interrogated by his counsel upon that subject he frankly stated that he did not know whether the grain seized by the writ of replevin was the same as covered by his mortgage. Again, the evidence introduced by the defendants, if true, established that the mortgage debt had been paid in full prior to the commencement of the action. Plaintiff admits that the $200 note had been paid, but he asserts, and his evidence tended to prove, that a balance remained unpaid on the second note. The evidence on the subject of payment was conflicting, and the jury having determined that issue for the defendant upon sufficient proof the verdict will not be molested.

It is finally insisted that the judgment should be reversed, because the verdict contains no assessment of damages. As this question is not raised in the motion for a new trial, nor in the petition in error, the objection will be dismissed without further comment. (*Frey v. Drahos*, 7 Neb. 194.)

The conclusion reached leads to an affirmance of the judgment.

AFFIRMED.