JENNIE EAGER, APPELLANT, V. DEWITT EAGER, APPELLEE.*

FILED NOVEMBER 11, 1905.   No. 13,958.

1. The district court is a court of general jurisdiction and may send its original process to any part of the state, unless restricted therein by statute.

2. Divorce: JURISDICTION. Section 6, chapter 25, Compiled Statutes, 1903, confers jurisdiction upon the district court to hear and determine an action for divorce in any county in the state where the parties, or one of them, reside.

3. ———: PROCESS. Where the plaintiff resides in one county and the defendant in another, summons may issue from the county where the plaintiff resides and the action is commenced to any other county in the state where the defendant resides.

4. ———: JURISDICTION. By sections 902 and 903 of the code, the action for a divorce is taken out of the general provisions of the code for the prosecution of other actions therein mentioned.

* Rehearing denied. See opinion, p. 830, *post.*

APPEAL from the district court for Douglas county: CHARLES T. DICKENSON, JUDGE.  *Reversed.*

*W. T. Nelson,* for appellant.

*Smyth & Smith, John O. Yeiser, F. D. Eager* and *G. W. Berge, contra.*

DUFFIE, C.

Jennie Eager, the appellant, brought her action in the district court for Douglas county to obtain a divorce from the appellee, DeWitt Eager.  At the time of commencing her action she was, and for more than six months had been, a *bona fide* resident of Douglas county.  Her husband at that time was a resident of Rock county, Nebraska. A summons was issued by the clerk of the district court for Douglas county directed to the sheriff of Rock county, who served the same personally on the appellee.  In due time, and after due return of the summons by the sheriff of Rock county, the district court for Douglas county defaulted the defendant, took plaintiff's evidence in the case, and awarded a decree of divorce, and alimony in the sum of $1,000.  After the decree was entered, the defendant made a special appearance in the district court for Douglas county, asking to have the judgment for alimony set aside, for the reason that no summons had been served upon him which gave the court jurisdiction to enter a personal judgment against him for alimony.  The decree, so far as it awarded alimony, was set aside, and from this order Mrs. Eager has taken an appeal to this court.

The appellee contends that, under our code of civil procedure, no personal judgment can be entered against him on a suit brought by his wife for a divorce, unless service of the summons has been had on him in the county where the action is pending.  Originally actions for divorce were brought in the ecclesiastical courts.  The common law courts of England had no jurisdiction of such actions. The statute requires an action for divorce to be brought

in the county where the parties, or one of the parties, to the action reside. An action for divorce, together with some other specified actions, are exempted from the operations of the code of civil procedure. Section 902 of the code is to the effect that, "until the legislature shall otherwise provide, the code shall not affect proceedings on habeas corpus, quo warranto, or to assess damages for private property taken for public use, nor proceedings under the statutes for the settlement of estates of deceased persons, nor proceedings under statutes relating to dower, divorce, or alimony," etc. While the code has provided for the venue of all ordinary actions in general terms, a special statute relating to the action of divorce was enacted by the general assembly, and is found in chapter 25, Compiled Statutes, 1903. By section 6 of that chapter (Ann. St. 5328) it is provided as follows: "A divorce from the bonds of matrimony may be decreed by the district court of the county where the parties, or one of them, reside, on the application by the petition of the aggrieved party in either of the following cases:" etc. It will be observed that this is a special statute conferring authority upon the district court to grant a divorce, and that court has jurisdiction where either of the parties to the action resides in the county where the action is brought. This, of necessity, implies that the court having jurisdiction of the subject matter of the action, and jurisdiction to try the case in the county where the action is brought, may acquire jurisdiction of the person of the defendant by issuing a summons to any county in the state where the defendant resides; and it needs no argument to demonstrate that, if the court has jurisdiction of the person of the defendant, it may enter a personal judgment against him for alimony, which is a mere incident to the action for divorce.

It is a well-understood rule that courts of general jurisdiction of any state can acquire jurisdiction of a party defendant by process issued to any county in the state, unless such jurisdiction is restricted by a statutory law,

In Wells, Jurisdiction, sec. 113, it is said: "As to the general jurisdiction of the courts of a state this is, of course, coextensive with its sovereignty, which is limited only by the territory of the state, and attaches to all the property and persons within the limits thereof," etc. Courts of general jurisdiction have, therefore, the right to deal with the person or property of anyone residing within the boundary of the state in all matters where jurisdiction has not been limited by statute. The legislature having said that the district court of the county where one of the parties to a divorce action resides has jurisdiction to grant a divorce, by necessary implication, gives the court power to acquire jurisdiction over the person of the defendant by service of its process in any county of the state where he may reside. The case is a special one, not coming under any provision of the code, but falling under the provisions of sections 902 and 903 of the code, recognizing an exceptional and special proceeding in this class of cases. This is also, we think, recognized in *Brown v. Brown,* 10 Neb. 349.

We recommend that the decree of the district court be reversed, and the order and decree granting a divorce and alimony to the plaintiff in the action be reinstated.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed, and the order and decree granting a divorce and alimony to the plaintiff in the action is reinstated.

REVERSED.

The following opinion on motion for rehearing was filed March 22, 1906. *Former judgment modified and cause reversed. Rehearing denied:*

LETTON, J.

We are satisfied with the conclusion reached in the former opinion, *ante,* p. 827, as to the jurisdiction of the

district court, but our attention has been called to the fact that the decree awarding alimony was set aside at the same term of court at which it was rendered, though the order was not spread upon the journal and was not made a matter of record, until at the following term a *nunc pro tunc* order was made reciting the fact. It was within the discretionary power of the court, upon good cause shown, to set the decree aside at the same term at which it was rendered. *Bradley v. Slater*, 55 Neb. 334. No exception was taken to this action. At the next term of court further proceedings were had upon the question of jurisdiction, and the court held that it had no jurisdiction and dismissed the plaintiff's petition for alimony. From this final order the plaintiff appealed to this court, where the judgment of the district court was reversed, but the decree for alimony was ordered to be reinstated. As we have seen, this decree was set aside at a prior term. This was a final disposition of that decree. It was as effectually nullified as if it had never been rendered, and it is beyond the power of this court to direct its reinstatement.

For these reasons, the former judgment of this court, so far as it reinstates the decree for alimony, is set aside, and the cause is reversed and remanded for further proceedings.

REVERSED.