ELIZABETH E. ROWND ET AL., APPELLANTS, V. WILLIAM
HOLLENBECK ET AL., APPELLEES.

FILED JUNE 20, 1906. No. 14,396.

1. Findings: REVIEW. The findings of the trial court on conflicting
evidence in an action at law will not be disturbed on appeal
unless manifestly wrong.

2. Sale: RESCISSION. Where by the terms of a contract of sale pay-
ment of the price is to precede a delivery of the goods, the re-
pudiation by the vendor of a substantial condition of the contract
on his part to be performed will justify a rescission of the contract
by the vendee.

3. Evidence examined, and *held* sufficient to sustain the findings of the
trial court.

APPEAL from the district court for Hall county: JAMES
R. HANNA, JUDGE. *Affirmed.*

*Harrison & Prince,* for appellants.

*O. A. Abbott* and *Henry Mitchell, contra.*

ALBERT, C.

This action was brought by Elizabeth E. Rownd and
Willis E. Rownd against William Hollenbeck to recover
the balance due on a contract for the sale of certain chat-
tels. It is alleged in the petition that on the 23d day of
January, 1904, the plaintiffs sold to the defendant, Hollen-
beck, the hotel furniture, fixtures, etc., in the St. James
Hotel in Grand Island, for which said defendant agreed
to pay the plaintiffs the sum of $2,700, $50 cash in hand,
and the remainder on the 25th day of January, 1904; that
said defendant had paid the $50, but had failed and
refused to pay the remainder, or any part thereof. The
pleadings and the evidence show conclusively that Vinnie
Makely was the real vendee, and that Hollenbeck and
another party merely acted as her agents. She was per-
mitted to intervene, and the real controversy is between

her and the plaintiffs.  In her answer to the petition she alleges that a memorandum of the contract of sale was reduced to writing and that it was as follows:  "Grand Island, Neb., January 23, 1904.  Received of Henry Mitchell, agent, the sum of fifty dollars in cash as part payment on our hotel furniture and fixtures now in the St. James Hotel, Grand Island, Nebraska, the balance of the purchase price to be paid on Monday, the 25th of this month.  The full purchase price to be paid for the furniture and fixtures is (2,700) twenty-seven hundred dollars, and the property to be sold includes all the property invoiced by Mr. Groff, Henry Mitchell and Mr. and Mrs. Rownd, also the dishes and table linen, kitchen furniture and fixtures not specifically listed; also the coal now in basement, and the organ now in the parlor.  The dishes to be in accordance with the list shown Henry Mitchell, and the beds to be equipped as follows:  Each bed to have three sheets, also each bed to have two pillows, four pillow cases, two comforters, one counterpane; and to assign over the insurance now on the property without charge, also the partitions in the pool-room and the one separating the parlor from the dining room.  Made in duplicate on the day and year above written.  We agree that the property shall be free from all taxes and incumbrances.  To give possession to buyer February 1, 1904.  Mrs. W. E. Rownd, W. E. Rownd.  Witness:  E. J. A. Hasenyager."  The intervener also alleges that the inventory referred to in the foregoing memorandum was reduced to writing, and a copy thereof is set forth in her answer.  It contains a long list of furniture, fixtures, etc., with the agreed price of each article set opposite thereto.  The last item on the list is as follows:  "For lease of building, $265.20."  The aggregate value of the items shown by the inventory set forth in her answer is $2,700.  She further alleges that on the 25th day of January, 1904, the date fixed by the terms of the contract for the payment of the remainder of the purchase price, she offered to pay the plaintiffs said remainder, provided they would pay certain taxes for the

years 1902, 1903, which were liens upon the property, discharge and procure a release of 6 chattel mortgages which were apparent liens thereon, and transfer their leasehold interest in the hotel to her, and that they refused to comply with these conditions; that upon their refusal she deposited the balance due on the contract in one of the banks at Grand Island, payable to their order upon a compliance on their part with said conditions; that on the 4th day of February, 1904, the plaintiffs having failed and neglected to comply with said conditions and to perform their part of the contract of sale, she rescinded the contract. Her answer also includes several counterclaims, among which is one for $50 paid on the purchase price. The plaintiffs replied to the intervener's answer, denying, among other things, that an assignment or transfer of their leasehold interest in the hotel was included in the inventory or contemplated by the contract of sale. The cause was tried to the court without a jury, and the trial resulted in a finding for the intervener, and a judgment in her favor for $50 and interest. The plaintiffs appeal.

One point in dispute between the plaintiffs and the intervener is whether the plaintiffs' leasehold interest in the hotel was included in the contract of sale. That the plaintiffs made and signed the memorandum of the contract of sale set out in the intervener's answer is admitted. That memorandum on its face makes no mention of the lease, but is not complete in itself. It refers to an invoice taken by "Mr. Groff, Henry Mitchell and Mr. and Mrs. Rownd" (plaintiffs). The evidence shows that these parties took an inventory of the property. When the inventory was taken Mrs. Rownd, one of the plaintiffs, undertook to keep a list of the property, and another was kept by Mr. Groff and Mr. Mitchell. There is no substantial difference between these lists, save that the list kept by Groff and Mitchell includes the item, "For lease of building, $265.20" while that kept by Mrs. Rownd does not include that item. The plaintiffs both testify positively that the item referred to was not listed when the inventory was taken, and that

it was not the intention of the parties that it should be included in the contract. Groff, who assisted in taking the inventory, also testified that it was not mentioned in his presence, but his testimony is of a negative character because he was only there a portion of the time and was not there when the inventory was completed. The testi-, mony of Mr. Mitchell is to the effect that he was acting for the intervener; that after the other items had been listed it was found that they footed up to $2,435.80; that was less than the plaintiffs cared to take for their property, and they then told him that they wanted $3,000 for it, and that in order to raise the inventory to that amount they would include their leasehold interest; that he rejected that proposition, but made them a counter proposition to the effect that he would raise the inventory to $2,700 if they would include the leasehold interest; that they agreed to do this, and the leasehold was inventoried at $265.20, the difference between the aggregate valuation placed on the other items of property and $2,700. His testimony is corroborated by circumstances, one of which is that it is the most reasonable explanation of the fact that the amount which the intervener was to pay for the property was finally placed at $2,700. However that may be, whether the leasehold was included is a question that turns on the credibility of the witnesses. This is not an appeal in equity, bringing the case here for trial *de novo,* but an appeal from a judgment in an action at law. The finding of the trial court, therefore, has all the force and effect of a verdict of a jury, and it is well settled that a verdict of a jury on conflicting evidence will not be disturbed on review unless manifestly wrong. *Travelers Ins. Co. v. Snowden,* 60 Neb. 263; *Hart v. Weber,* 57 Neb. 442; *Allsman v. Richmond,* 55 Neb. 540. In this case the finding is amply supported by the evidence.

As before stated, that the plaintiffs made and signed the memorandum is admitted; that the inventory set forth in the intervener's answer, which, among other items, contains the plaintiffs' interest in the leasehold, is the

inventory referred to in the memorandum, and therefore a part of the written evidence of the contract, is established by the finding of the trial court, abundantly sustained by the evidence. Consequently, we must proceed on the theory that the leasehold was included with the other items of property which the plaintiffs agreed to sell to the intervener for $2,700. Proceeding upon that theory, the conclusion reached by the district court necessarily follows. The contract is executory, save as to the cash payment of $50 on the purchase price. The plaintiffs are seeking to enforce this contract against their vendee so far as it is favorable to themselves, while at all times repudiating a substantial condition thereof on their part to be performed. In other words, they are seeking to recover the price, and at the same time intending to withhold delivery of a substantial part of the property for which the price was to be paid. It is well settled that a person who pur-, chases goods with a preconceived intention of not paying for them is guilty of a fraud upon his vendor. *Thompson v. Rose,* 16 Conn. *71, 41 Am. Dec. 121; 24 Am. & Eng. Ency. Law (2d ed.), 1100, 1101, and notes. The converse must be true, that one who obtains payment for goods with the preconceived intention of not delivering them or withholding delivery of a substantial portion is guilty of a fraud against his vendee. According to their own testimony, the plaintiffs never intended to transfer the lease. The record therefore (and we speak from it alone) places the plaintiffs in the position of asking the court to assist them in perpetrating a fraud upon their vendee. That the court will not lend its aid to such ends goes without saying. The plaintiffs' intention not to transfer the lease justified the intervener in treating the contract as at an end, and entitled her to a return of the $50 paid on the contract.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.