JAMES W. LOVE v. LEVERETT B. PUTNAM.

FILED JUNE 6, 1894. No. 4831.

1. **Chattel Mortgages**: DESCRIPTION OF PROPERTY. A description in a chattel mortgage which suggests inquiry, by the aid of which a party will be able to ascertain the location of property and to otherwise identify it, is sufficient.

2. ———— : ————: EVIDENCE. The description in the mortgage, under which one party claimed in this case, *held* sufficient to create a lien on the property described, in favor of the mortgagee or his assigns, and the evidence sufficient to warrant a finding that the party who afterwards purchased the property had actual notice of the lien created by the mortgage.

3. **Instructions**: REVIEW. Instructions to a jury should be considered together and as a whole, and their meaning and effect determined from their construction when so considered, and not by selecting and referring to detached paragraphs or portions alone, and when thus weighed they are found to be correct, no error can be predicated upon the action of the court in giving them.

4. **Instructions given and refused** by the court examined, and *held* no error in either the giving or refusing.

ERROR from the district court of Dodge county. Tried below before POST, J.

*E. F. Gray,* for plaintiff in error.

*Frick, Dolezal & Stinson, contra.*

HARRISON, J.

This is an action instituted in the district court of Dodge county by the defendant in error against plaintiff in error to recover damages for the alleged conversion of some hay by plaintiff in error which it is claimed by defendant in error belonged to him. The petition was in the words and figures following :

"The plaintiff complains of the above named defendant and alleges that on the 8th day of August, 1887, one N. L. Hughes made and delivered his certain promissory note in writing to I. B. Hickok in words and figures following, to-wit:

"' $167.      FREMONT, NEBRASKA, August 8, 1887.

"'Sixty days after date we jointly and severally promise to pay to the order of I. B. Hickok one hundred and sixty-seven $\frac{no}{100}$ dollars, for value received, with interest at ten per cent per annum, payable annually, from date until paid.                    N. L. HUGHES.

"'Address: City.'

"That to secure the payment of said note said N. L. Hughes, on said 8th day of August, 1887, made and delivered to said I. B. Hickok a chattel mortgage in writing, duly signed by said N. L. Hughes, and thereby conveyed to said I. B. Hickok, as security for said note, the following described goods and chattels, to-wit: One hundred thirty tons of hay in stack on the east·half of northwest quarter of section 30, township 18, range 6, in Dodge county, Nebraska; that on the 8th day of August, 1887, at 5 o'clock and 55 minutes P. M. said mortgage was duly filed for record in the office of the county clerk of said Dodge county; that on or about the 1st day of October, 1887, said I. B. Hickok, for a valuable consideration, and before said note and mortgage became due, did in the usual course of business assign said note, with the moneys due thereon, to this plaintiff, and did at the same time deliver said note and mortgage to this plaintiff, and said plaintiff thereby became, and at the times hereinafter stated was, and now is, the owner of said note and mortgage; that no part of said note has been paid except the sum of $8.56, paid on the 30th day of August, 1888; that on or about the —— day of ——, 1888, and before the commencement of this action, and while plaintiff was the owner of said note and mortgage and the special owner of the 130 tons of

hay above described and entitled to the immediate posses-
sion of said property of the value of $260, said defendant
took possession of 100 tons of said hay and unlawfully
and wrongfully converted the same to his own use, to the
damage of the plaintiff $200. Wherefore the plaintiff
prays judgment against said defendant for the sum of $200,.
with costs of suit."

To this the plaintiff in error filed the following answer:.
"The defendant, for answer to the plaintiff's petition
herein, admits that N. L. Hughes executed and delivered
the note mentioned in said petition to I. B. Hickok, and
admits that N. L. Hughes executed the mortgage mentioned
in the petition and that it was filed as stated in the peti-
tion; but defendant denies that said 'mortgage was in the
terms stated in said petition, or conveyed 130 tons of hay,.
or conveyed any hay, and defendant denies each and every
allegation in said petition not above expressly admitted;"
and on a trial of the issues in the case to the court and a
jury a verdict was returned for defendant in error in the
sum of $150. Motion for a new trial was filed by the
unsuccessful party, J. W. Love, argued, submitted, and
overruled, and judgment rendered, on the verdict, for Put-
nam. To reverse this judgment the plaintiff in error has
prosecuted a petition in error to this court.

The first error which is argued by counsel for plaintiff
in his brief is that the description of the property contained
in the chattel mortgage executed by Hughes to Hickok,
and sold by him to Putnam, was insufficient and indefinite,
and did not pass any title to the hay in question to Hickok
or Putnam, and if it did, was not sufficient to be construct-
ive notice to him of the mortgaging of the hay or the lien
created thereby, or to put him upon inquiry regarding the
title before he purchased it, and in this connection that the
court erred in allowing Hughes to answer the following
question over the objection of plaintiff in error: "Mr.
Hughes, you may state whether the hay described in the

mortgage, Exhibit B, is the hay you mortgaged to Mr. Hickok," the objection of the plaintiff in error being that the question was "incompetent, irrelevant, immaterial, and seeking to vary the terms of a written instrument, and as seeking to aid a defective and indefinite description in the mortgage by parol testimony, and to substitute parol testimony as a description of the property for that in writing." The record shows that at the time of this objection the plaintiff below offered to prove that "the description in this mortgage is defective; that is, there was a mistake made in describing the range on which the hay was located —the hay is described as being upon section 30, township 18, range 6, when it ought to have been section 30, township 18, range 7 east;" and further offers to prove that the Love farm mentioned in the mortgage was the Love that is defendant in this action, and that he had no other farm at that time in section 30, township 18, range 6, and did own the farm six miles further east in section 30, township 18, range 7; and the above objection, being renewed to the offer, was overruled and the evidence received, to which exception was taken by attorney for Mr. Love. The above assignments of error all have reference to and depend upon the determination of the sufficiency or insufficiency of the description contained in the mortgage. The description of the property in the mortgage was as follows : "One hundred thirty tons of hay now in stack upon east half northwest quarter of section 30, town 18, range 6; also, one sorrel horse, thirteen years old; one bay horse, twelve years old; one spring wagon, three spring; one set of double harness; said property is now and will be kept on J. W. Love's farm northwest of town." The land upon which the hay in controversy was standing was in range 7 and not in range 6, as stated in the mortgage, but it was on the farm of J. W. Love northwest of town, and Hughes had obtained of J. W. Love the right to cut the grass upon this land and put up the hay, this being the same J. W. Love, party defend-

ant in the court below, and he had no farm answering to the description by part of section and township and range set forth in the mortgage. Such a description has been held sufficient in a number of cases. (See *Rawlins v. Kennard*, 26 Neb., 181; *Peters v. Parsons*, 18 Neb., 191; *Wiley v. Shars*, 21 Neb., 712; *Buck v. Davenport Savings Bank*, 29 Neb., 407.) We are satisfied that the description in the mortgage was sufficient to give Mr. Love notice of the rights of the other parties in the hay; but there is this much further to be said here: It was shown by four witnesses on behalf of the plaintiff below that they had conversations with Mr. Love in reference to this hay and this mortgage lien upon it, before the time he claimed to have purchased Hughes' interest in the hay, and that he had full notice and knowledge of the existence of the mortgage and that it purported to convey this particular hay. Mr. Love denies that he had any such notice, or any actual knowledge, of the existence of the mortgage on the hay at the time he claims to have paid for any interest Hughes had in it. Hence there was a conflict of evidence on this point, but the jury determined it in favor of the defendant in error, and, according to a well settled rule of this court, that a finding made upon conflicting evidence will not be disturbed unless clearly wrong, this finding must prevail; and if Mr. Love had actual notice of the mortgage and of its lien upon this hay, error, if any, committed in the admission of the testimony objected to was without prejudice.

It is claimed that the court erred in refusing to give instruction No. 1 and also No. 2 requested by plaintiff in error. These instructions were directed to and raised the same questions argued above under the objections to the testimony, and the mortgage being admitted in evidence, and agreeably to the conclusion there reached, the assignment of error because of the refusal to give these instructions must be held not well taken.

It is next contended that the court erred in giving in-

struction No. 6 to the jury, being one of the instructions
given by the court on its own motion.  This instruction
reads as follows: "The jury are instructed that the chattel
mortgage given in evidence, and the transfer or assignment
of the note by the mortgagee, I. B. Hickok, to the plaint-
iff, would pass the legal title to the hay therein described
to the plaintiff, if from the evidence in this case the jury
believe that the witness N. L. Hughes, at the time of the
execution of said mortgage, was the owner of said hay."
It is argued that the judge trying the case, in giving the
above instruction, assumed it to be conclusively proved
without conflict that the hay in question was intended to be
embraced in the mortgage, and that defendant below knew it
at the time, and that he was clearly, and beyond a question
for the jury, estopped from controverting it.  We do not
think this instruction can be fairly said to be open to the
criticism urged.  An instruction or instructions are given
after the evidence is all in and before the court and jury,
and must be directed and applicable to the testimony as
developed in the case.  The judge, when he admitted the
mortgage in evidence, determined that it was sufficient to
pass the title to the hay embraced therein and to be con-
structive notice of its conveyance by the mortgage, and he
here but states the legal effect of the assignment or trans-
fer of the note secured by the mortgage; and, in view of
all the evidence introduced on the trial of the case, and
upon which he was basing his instructions, we think it was
fully applicable and pertinent thereto, and its giving war-
ranted and not erroneous.

It is next complained that the court erred in not giving
instructions numbered 3 and 4 requested by plaintiff in
error.  These instructions are as follows: "That if the de-
fendant told Hughes he might have the hay in question
when he should pay the rent for the ground, and upon
this permission, and no other, Hughes cut and put up the
hay, then the title in the hay would remain in defendant

until the rent was paid, and if you so find the facts
to be, and also find that Hughes had not paid the rents
when the mortgage was made, then it will be your duty to
return your verdict for the defendant." No. 4: "If you
find from the evidence that the defendant Love bought
Hughes' interest in the hay in question and paid upon the
same $100 in at bank on Hughes' note, as agreed between
them he should do, before he, Love, had any actual notice
of the mortgage introduced in evidence, then it will be
your duty to return a verdict in favor of the defendant
Love." The propositions covered by these two instructions,
and which it was sought by them to direct the attention of
the jury, were fully embraced in the instructions given by
the court on its own motion, hence it was not error to re-
fuse to give them. (See *Angle v. Bilby*, 25 Neb., 595; *City of
Lincoln v. Smith*, 28 Neb., 762; *Northeastern N. R. Co. v.
Frazier*, 25 Neb., 42.)

Our attention is particularly called by the petition in
error and brief for plaintiff in error to instructions 8, 9,
and 10 given by the court on its own motion, and it is
strenuously insisted that it was error to give each and every
one of the above numbered instructions, more especially No.
10. After a close and careful reading and examination of
these instructions, in connection with all the others sub-
mitted to the jury for their information and guidance, and
their applicability to the issues and evidence in the case,
and giving due weight to the argument of the counsel in the
briefs filed and authorities cited therein, we are convinced
that the action of the court in giving these instructions was
not open to the objections urged against it and was not
erroneous; that the instructions, when considered and con-
strued together as a whole, properly stated the law applica-
ble to the case, and fairly submitted the questions of fact
arising in the action and were not prejudicial to the plaint-
iff in error, and if so, they complied with the well settled
rule of this court, "That instructions are to be considered

and construed together and their meaning and effect thus determined, and not by reference to detached portions alone." (See *Murphy v. State,* 15 Neb., 383; *City of Lincoln v. Smith,* 28 Neb., 762; *Campbell v. Holland,* 22 Neb., 589.) The judgment of the district court is

AFFIRMED.

POST, J., not sitting, having presided at the trial in the district court.