Stein v. Vannice.

PAUL STEIN ET AL. V. JOHN N. VANNICE ET AL.

FILED MARCH 5, 1895.  No. 6060.

1. **Instructions** must be considered together and not by selection of detached paragraphs thereof.

2. ———: HARMLESS ERROR. A slight error in an instruction will not cause a reversal of the judgment, where it is manifest the party complaining was not prejudiced thereby.

3. **An assignment of error** for the overruling of a motion for new trial is bad, if it fails to specify to which of the several points set up in the motion the assignment applies. (*Glaze v. Parcel*, 40 Neb., 732.)

4. **Bill of Exceptions:** TIME OF SERVING: EXTENSION. It is

not error to deny a motion for the extension of time for prepar-
ing and serving a bill of exceptions, where the party seeking
such extension has not used due diligence in that behalf.

ERROR from the district court of Douglas county. Tried
below before KEYSOR, J.

*G. A. Rutherford* and *H. B. Holsman,* for plaintiffs in
error.

*James B. Sheean* and *John H. Grossman, contra.*

NORVAL, C. J.

This action was instituted in the court below by the de-
fendants in error against Paul Stein, as constable, and Her-
man Busch and Thomas Price as sureties upon his official
bond.    There was a trial to a jury, with a verdict in favor
of the plaintiffs below in the sum of $310.    The defend-
ants filed a motion for a new trial, which was overruled by
the court, and judgment was entered upon the verdict.
The defendants prosecute error to this court.    It appears
from the pleadings in the case that in an action of forcible
detention brought against the defendants in error before a
justice of the peace a writ of restitution was placed in the
hands of Paul Stein, as constable, for service; that in ex-
ecuting the writ and removing the said John and Carrie
Vannice and their personal effects from the premises oc-
cupied by them it is alleged that said Stein, while under
the influence of liquor, did carelessly, negligently, and
willfully break and destroy the furniture and household
goods belonging to the said Vannices. This suit is to re-
cover the damages thereby sustained.

The petition in error contains three assignments.    The
first relates to the giving of the sixth paragraph of the in-
structions, which is in the following language:

" 6. If you find for the plaintiffs under the evidence
and instructions of the court, the measure of plaintiffs'

damages, if any, is the injury in dollars and cents which the preponderance shows occurred by reason of the plaintiff's (sic) negligent and careless handling and removal of plaintiffs' household goods."

The foregoing paragraph of the charge was not carefully or skillfully drawn, yet it is not believed that the jury could have been, or were, in the least misled. The trial judge in writing the instruction inadvertently used the word "plaintiff's" instead of "defendant's" before the word "negligent." It is a familiar rule that instructions must be considered together, and not by selections of detached paragraphs thereof. (*Blakeslee v. Ervin*, 40 Neb., 130; *Love v. Putnam*, 41 Neb., 86.) Reading this instruction in connection with the remainder of the charge, it is difficult to believe that the jury understood that the plaintiffs were entitled to recover damages from the defendants for their own negligence in handling their own goods. The writing of the word "plaintiff's" was a mere *lapsus calami*, and to hold that the defendants below were prejudiced thereby would cast an unmerited reflection upon the intelligence of the members of the jury. Had the defendants shown that the defendants in error, in a careless and negligent manner, broke their own furniture, the error in this instruction might have been prejudicial; but inasmuch as the evidence adduced on the trial is not embodied in a bill of exceptions, no prejudicial error is shown. The instruction is further complained of by reason of the use of the words "the injury in dollars and cents." The measure of plaintiffs' recovery was the difference in value of the property before and after the injury. It would have been better had the rule been so stated in the instruction, instead of in the language in which it was expressed; but no instruction was requested by the plaintiffs in error upon this point, hence the omission to so charge is not reversible error. (*German Nat. Bank of Hastings v. Leonard*, 40 Neb., 676; *Laing v. Nelson*, 40 Neb., 252.)

The second assignment of the petition in error is in this language: "The court erred in overruling the motion for a new trial." This assignment is too indefinite to be considered, since there are five separate and distinct grounds stated in the motion for a new trial. A petition in error, to be available, must assign alleged errors with particularity. The second assignment of error does not specify to which of the several points set up in the motion for a new trial the assignment applies, and is therefore bad. (*Glaze v. Parcel*, 40 Neb., 732.)

The remaining assignment of error relates to the overruling of the motion of the plaintiff in-error Bush for additional time to prepare and serve a bill of exceptions in the case. This assignment is without merit. The cause was tried at the September, 1892, term of the district court, and on the overruling of the motion for a new trial at the same term the defendants were given forty days from the adjournment of the court *sine die* to reduce their exceptions to writing. No steps, however, were taken to that end by either of the defendants. During the following February term of the court a motion for additional time to prepare a bill of exceptions was presented to the court, which was overruled. The affidavit filed in support of the motion contains no showing of diligence, but, on the contrary, it appears that no effort was made by any of the defendants to obtain a bill of exceptions. It is only upon a showing of due diligence by the party seeking the settlement of a bill of exceptions that the court or judge is authorized to extend the time for such settlement after the expiration of the first forty days. (Code, sec. 311.) It follows that there was no error in denying the motion for an extension of time. The judgment is

AFFIRMED.