JOSEPH BRINCKLE v. NELLIE STITTS.

FILED DECEMBER 9, 1897. No. 7662.

1. Assignments of Error: MOTION FOR NEW TRIAL. Errors in a petition in error must be assigned separately and this rule is not complied with by an assignment that there was error in overruling the motion for a new trial where such motion embraces several distinct complaints of errors.

2. **Instructions: EXCEPTIONS: REVIEW.** Where a party did not except to the refusal of the trial court to give an instruction requested by such party he cannot be heard to complain of the refusal in the supreme court.

3. **Review: EXCLUSION OF EVIDENCE: BILL OF EXCEPTIONS.** Error alleged as to the exclusion from the jury of the whole or a part of an alleged book of original entries cannot be considered in the supreme court when the book is not to be found in connection with the bill of exceptions.

4. **Depositions: OBJECTION TO ANSWER.** An answer to an interrogatory in a deposition contained both competent and incompetent testimony. *Held,* That an objection was properly sustained to the entire answer.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J. *Affirmed.*

*John D. Carson,* for plaintiff in error.

*Charles H. Sloan, contra.*

RYAN, C.

This was an action for compensation for personal services rendered for plaintiff in error by the defendant in error. There was a verdict as prayed to the amount of $200, for which amount, with costs, a judgment was duly rendered by the district court of Fillmore county. In the petition in error there was no assignment as to the sufficiency of the evidence to sustain the verdict. It is true this was made the ground of one of the several complaints urged in the motion for a new trial, and in the petition in error the overruling of the motion for a new trial in a general way was assigned as error. This, however, presented no question as to any one of the several errors alleged in the motion for a new trial. (*City of Chadron v. Glover,* 43 Neb., 732; *Glaze v. Parcel,* 40 Neb., 732; *Stein v. Vannice,* 44 Neb., 132; *Sigler v. McConnell,* 45 Neb., 598; *Conger v. Dodd,* 45 Neb., 36.)

It is urged in argument that the district court erred in its refusal to give the fourth instruction asked by the

plaintiff in error. There was no exception to this ruling; hence we cannot determine whether or not there was error in such refusal. It is urged that an alleged book of original entries was improperly excluded from the consideration of the jury. Unfortunately, this book does not appear in connection with the bill of exceptions, and we therefore cannot determine whether or not there was error in excluding portions of it.

The final assignment is that there was error in excluding as evidence the answer to the fourth interrogatory in the deposition of J. F. Steenrod. In this answer there was some competent testimony, but this was in connection with testimony which was clearly incompetent. The district court therefore properly excluded the entire answer of the witness.

There was assigned no other error, and it follows that the judgment of the district court is

AFFIRMED.