SCHLECHT, Respondent, v. HINRICH et al, Appellants.

(210 N. W. 192.)

(File No. 5585.　Opinion filed October 7, 1926.)

**Chattel Mortgages—Chattel Mortgage on Crops· to Be Planted on Leased Land, Given as Security for Rent, Held Binding on Sublessee With Knowledge (Rev. Code 1919, § 1529).**

Chattel mortgage on crops to be planted on leased land, given as security for rent, held valid though crop was planted by sublessee, who had knowledge of mortgage, in view of Rev. Cole 1919, § 1529.

---

Note.—See, Headnote, A m e r i c a n Key-Numbered Digest, Chattel mortgages, Key-No. 117, 11 C. J. Sec. 178.·

Appeal from Circuit Court, Turner County; Hon. John T. Medin, Judge.

Action by Ada Schlecht against J. C. Hinrich and others. Judgment for plaintiff, and defendants appeal. Affirmed.

*W. J. Bulow,* of Beresford, and *Dan E. Hanson,* of Parker, for Appellants.

*Bogue & Bogue,* of Parker, for Respondent.

DILLON, J.   This is an action in which plaintiff seeks to recover from defendants certain grain, or the value thereof, grown upon certain land owned by plaintiff in McCook county, S. D.

The following facts are undisputed: The plaintiff was the owner in fee simple of the S. E. ¼ of section 26 and the S. W. ¼ of section 25, all in township 101, range 53, county of McCook, S. D.; that on October 19, 1919, one J. J. Rang leased from plaintiff the above-described premises for the consideration of $2,500; that said J. J. Rang gave plaintiff $500 cash and his two promissory notes in the amount of $1,000 each, and further gave her, as security for the payment of said notes, a chattel mortgage upon the crops to be grown upon said premises during the year of 1920; that said mortgage was duly filed in the office of the register of deeds on October 20, 1919; that soon after this transaction took place plaintiff went to California and did not return to South Dakota until September, 1921; that, with the exception of $605.38, said notes have not been paid; that said J. J. Rang subleased the S. W. ¼ of section 25—101—53 of said premises to defendants Hinrich and Frilling for the year 1920, and informed them of the chattel mortgage given by him to plaintiff; that said defendants Hinrich and Frilling gave to said Rang their two notes in the amount of $650 each, in payment of the rental of said quarter section for the year 1920, and secured said notes by giving said Rang a chattel mortgage upon the crops to be grown upon said quarter section; that during the year 1920 said defendants Hinrich and Frilling raised a crop of corn and oats, to wit, 3,140 bushels of oats and 1,346 bushels and 54 pounds of corn; that said defendants Frilling and Hinrich, while the chattel mortgage given by said Rang to plaintiff, was in full force and effect, sold said crop to the Reedy Grain Company, without the knowledge or consent of plaintiff; that at the time of the sale of said crops the value of said corn was 45 cents per bushel and the value of said oats was 25 cents per bushel, amounting in all to $1,390.70; that plaintiff made a written demand upon the Reedy Grain Company for a return to her of the said grain, or grain of

an equal grade, and that this demand was refused. In the written lease, signed by said Rang and plaintiff, said Rang agreed not to assign or underlet the premises without obtaining the written consent of plaintiff, and it was stipulated that the lease was to remain in full force and effect from March 1, 1920, to March 1, 1921. Both parties moving for a directed verdict, the case was tried to the court. Findings of fact and conclusions of law were made by the court in favor of plaintiff, and judgment was entered for her in the amount of $1,543.85. Defendants appeal from such judgment and an order denying a new trial.

Appellants first contend that the description of the land as given in the chattel mortgage is insufficient to impart constructive notice to the defendants; second, that inasmuch as said Rang did not put in the crops himself, that he acquired no interest in the crop, and that the chattel mortgage is therefore void and plaintiff can claim no lien upon the crop.

Appellants have argued their 41 specifications of error under the two heads: "Description" and "After-Acquired Property." We will consider them in a like manner.

As stated above, respondent was the owner in fee simple of the S. W. ¼, section 25, and the S. E. ¼, section 26, township 101, range 53, McCook county, S. D. The description of the land in the chattel mortgage given by Rang to plaintiff reads as follows:

"All of the crops grown and raised on the southeast quarter S. E. ¼ and the southwest quarter S. W. ¼ for the year 1920, on S. E. and S. W. sections 25 and 26, township 101, range 53, county of McCook and state of South Dakota."

It will thus be seen that the description of the land has been reversed in the mortgage. There is no dispute, however, that the crops in question were raised upon the quarter section owned by plaintiff, the S. W. ¼ of section 25—101—53, but appellants urge that since the description of the land as given in the mortgage reads so as to cover grain grown on the S. E. ¼ of section 25 and the S. W. ¼ of section 26, that it is insufficient to give constructive notice to any one that the crops raised on the S. W. ¼ of section 25 were mortgaged. However, appellants Hinrich and Frilling had actual knowledge of the chattel mortgage upon

the crops to be grown upon said quarter section, given by Rang to plaintiff, and it will not be necessary to consider the element of constructive notice as to them. In Ford et al. v. Ford, 24 S. D. 644, 124 N. W. 1108, this court said:

."The office of a description in a deed is not to identify the premises, but furnish the means of identification, and under Civ. Code, § 2437, providing that that is certain which can be made certain, a description is sufficient if a person of ordinary prudence, acting in good faith and making inquiries suggested by the description, would be enabled to identify the property."

In the case of Hayes v. First State Bank of Bertrand, 5 Neb. (Unof.) 298, 98 N. W. 423, there was an error in the description of the land. The mortgage reads as follows:

"* * * This mortgage to cover hay on place or cut and stacked, baled and delivered in Bertrand, Nebraska. * * * The above described chattels are now in my possession, are owned by me, and free from all incumbrances in all respects, on lots 6, 7, and 8, section 4, town 9, range 20, Dawson county, Neb."

It appeared that there were no such lots in such section, town, and range, and the mortgagor had never owned any land in that section, but he did own lots 6, 7, and 8, section 4, town 8. The Nebraska court held that the mortgage did give notice, and cited the rule:

"A description of property in a chattel mortgage is sufficient where it will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property." Commercial State Bank v. Interstate Elevator Co., 14 S. D. 276, 85 N. W. 219, 86 Am. St. Rep. 760; Love v. Putnam, 41 Neb. 86, 59 N. W. 691.

Plaintiff did not in the instant case, during the year 1920 or at any other time, own either the S. E. ¼ of section 25 or the S. W. ¼ of section 26, 101—53, McCook county, S. D., and we think that the mortgage was sufficient, with inquiry, to enable the Reedy Grain Company to identify the premises and so learn of the lien of plaintiff upon the crops grown upon such premises.

Appellants next urge that, since Rang did not put in the crops himself, that he acquired no interest in the crop and that the chattel mortgage is void. Section 1529, R. C. 1919, provides:

"An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. In such case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing to the extent of such interest."

At the time said Rang rented said premises to appellants Hinrich and Frilling, he was a holder of a valid lease of said land for the year 1920, and further preserved his rights in the crops to be grown upon said land by taking a chattel mortgage upon said crops from said Hinrich and Frilling. In Eckles v. Ray, 13 Okl. 541, 75 P. 286, the Supreme Court of Oklahoma held:

"Where the lessee of real estate for cash rent gives a mortgage upon crops to be planted and grown, on the leased premises as security for the contracted rental value, which mortgage is duly executed and filed of record; a sublessee is bound by the terms and conditions of such mortgage, and the crops grown by such subtenant as well as the tenant are liable for the rent of said premises."

In the instant case the undisputed evidence shows that defendants Hinrich and Frilling had full knowledge of all the facts in connection with the leasing of the land by plaintiff to said Rang, and they, as sublessees, can have no greater rights than the lessee, and must be held liable for the rent secured by said mortgage from Rang to plaintiff.

The judgment of the trial court is affirmed.

GATES, P. J., and CAMPBELL, POLLEY, and SHERWOOD, JJ., concur in the result.