RATHBURN v. RIEDEL.

1. NEGLIGENCE—TEST OF ORDINARY CARE.
   What one does or fails to do as related to the circumstances under which he acts is test as to whether ordinary care has been used.

2. AUTOMOBILES—SPEED—RIGHT OF WAY—NEGLIGENCE.
   There is no hard and fast rule that speed or statutory right of way is determinative of negligence of motorists as a matter of law but each driver must use such care as is commensurate with obvious conditions.

3. SAME—STATUTORY RIGHT OF WAY NOT ABSOLUTE.
   The statutory right of way is not an assurance of safety or an absolute right under all conditions (1 Comp. Laws 1929, § 4712).

4. SAME—VISIBILITY—NEGLIGENCE.
   Visibility of motorists at an intersection is a factor in determining care required in driving and more care is required under some circumstances than others.

5. APPEAL AND ERROR—AUTOMOBILES—EVIDENCE—CONTRIBUTORY NEG-
    LIGENCE.

   On appeal from verdict and judgment for plaintiff in case arising
       from collision between automobiles at an intersection, testi-
       mony is accepted in light most favorable to plaintiff upon
       defendant's claim plaintiff was guilty of contributory negli-
       gence as a matter of law and, so viewed, *held,* to present such
       question for jury.

6. AUTOMOBILES—INTERSECTION—SPEED—VISIBILITY — CONTRIBUTORY
    NEGLIGENCE—QUESTION FOR JURY.

   In action between motorists whose cars collided at an intersection
       of two gravel highways of equal importance, evidence presented
       a question for jury as to whether plaintiff who was very
       familiar with the intersection and approached from west was
       guilty of contributory negligence in failing to reduce his speed
       sufficiently when approaching intersection where, upon looking
       to the north from which direction defendant approached, he
       saw defendant slowing down and, believing defendant was
       going to stop, made no attempt to lessen his speed, and testi-
       mony also presents considerable conflict as to clear view at the
       intersection (1 Comp. Laws 1929, § 4712).

   WIEST and NORTH, JJ., dissenting.

Appeal from Wexford; Lamb (Fred S.), J. Sub-
mitted October 11, 1939. (Docket No. 121, Calendar
No. 40,776.) Decided December 20, 1939. Rehearing
denied February 14, 1940.

Case by Clair Rathburn against William Riedel
for damages for personal injuries sustained in a
collision at an intersection. Verdict and judgment
for plaintiff. Defendant appeals. Affirmed.

*Campbell & Campbell,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendant.

BUSHNELL, J. Defendant appeals from a judg-
ment of $5,009.18, entered upon the verdict of a jury

in favor of plaintiff for damages sustained by him as a result of a collision which occurred at Barrett's Corners between Lake City and Falmouth about six miles east of Lake City on December 16, 1938. Plaintiff had been engaged for about two years in hauling the mail from Cadillac to Falmouth. He had passed this corner four times each day and during the last few years had driven 60,000 to 70,000 miles a year.

Plaintiff was traveling east on an east-and-west 30-foot county gravel road and defendant was traveling south on a north-and-south road of the same width and character. The day was clear, and neither road was a through highway. As plaintiff approached this intersection about 5 p. m. at a speed of 45 miles per hour, he slowed up somewhat, looked to the north and south, and, seeing no vehicle approaching, continued at about 30 miles per hour. When he entered the intersection he observed defendant's car about 50 feet to the north, slowing up, and, believing that defendant was going to stop, plaintiff made no attempt to lessen his speed. Instead of stopping, defendant made a left turn into the east and west highway, and struck plaintiff's car. It rolled over several times, knocked down some wooden guard posts, and stopped with its front wheels in a three-foot ditch on the south side of the road. The trial court held that plaintiff's contributory negligence and defendant's negligence were questions for the jury.

The court said in *Thompson* v. *Michigan Cab Co.*, 279 Mich. 370, 373:

"It is an impossibility to lay down precise rules by which we may measure all acts of contributory negligence. Some cases must, of necessity, stand or fall on their own facts. What one does or fails to do as relates to the circumstances under which he

acts is the test to be applied. *Flynn* v. *Kramer,* 271 Mich. 500, 505.

"While no hard and fast rule exists that speed or statutory right of way is determinative of negligence as a matter of law, each driver must use such care as is commensurate with obvious conditions. *Bugbee* v. *Fowle,* 277 Mich. 485, 490."

The statutory right of way [*] is not an assurance of safety or an absolute right under all conditions. *Kerr* v. *Hayes,* 250 Mich. 19.

In the instant case, there is considerable conflict in the testimony as to clear view. Visibility at an intersection is a factor and more care is required under some circumstances than others.

The situation presented in this record is comparable to that disclosed in *Holloway* v. *Nassar,* 276 Mich. 212. That case has to do with a collision at an intersection and defendant's contention that plaintiff was guilty of contributory negligence as a matter of law. The court said:

"He testified that as he came north he saw Nassar approaching from the west and watched him; it was a dark night; he saw Nassar's lights but could not judge his speed or distance away; however, he, plaintiff, reduced his speed to about 25 miles per hour as he came to the intersection and when he reached its south line he saw Nassar (who was farther away from the intersection), slacken speed; thereupon plaintiff, thinking Nassar had slowed up to turn, accelerated his speed and had crossed the center line of the intersection when he was struck by Nassar's car, which had speeded up and had made a swing to the left or north and across the center line. Nassar claims he cannot remember what happened. Accepting the testimony most favorable to plaintiff, the question of his negligence clearly was for the jury."

---

[*] See 1 Comp. Laws 1929, § 4712 (Stat. Ann. § 9.1580).—REPORTER.

In this appeal, where the sole question presented is whether plaintiff is guilty of contributory negligence as a matter of law, we must accept the testimony most favorable to him. Under this record, the question of his negligence was for the jury.

The judgment entered upon its verdict is affirmed, with costs to appellee.

BUTZEL, C. J., and SHARPE, POTTER, CHANDLER and McALLISTER, JJ., concurred with BUSHNELL, J.

NORTH, J. (*dissenting*). I am unable to concur in affirmance because under plaintiff's own testimony he was guilty of contributory negligence as a matter of law. The accident occurred at the intersection of two graveled highways. Plaintiff was unusually familiar with the surroundings. He knew his view on approaching the intersection was obstructed. Still he approached at 45 miles per hour but slowed down to about 30 miles per hour at the point where he could first obtain a view of southbound traffic on the north and south road. He was then within 4 to 6 feet of the westerly line of the gravel on the intersecting highway. Under his own testimony he could not have stopped his car in less than 25 to 30 feet. Approaching the intersection at the rate plaintiff did under the circumstances was negligence; and as he reached the point where he could obtain a view it was wholly impossible for him to stop his truck until he had passed into and practically across the traveled portion of the north and south graveled road. Plaintiff knew he was approaching a corner where his view was obstructed at so great a rate of speed that he could not avoid collision with southbound traffic after reaching the point where a view was possible. What he might then discover was bound to be of no avail. So what plaintiff may have ob-

served in the way of defendant's slackening his rate of speed at the time and place plaintiff obtained his view had no material bearing upon the happening of this accident. At that instant plaintiff, by his own negligence, had gotten himself into a position where the collision could not be avoided by anything he could do. Since plaintiff knew he was approaching an intersection where his view of cross traffic was obstructed, he was bound to use a proportionately greater degree of care. In approaching this intersection at the high rate of speed above noted he was not driving in a careful and prudent manner and with due regard to other traffic on the highway. 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697, Stat. Ann. § 9.1565). Decision herein falls within *Kerns* v. *Lewis,* 246 Mich. 423, and *Block* v. *Peterson,* 284 Mich. 88. Plaintiff's own negligence was a proximate cause of this accident and under the law of this State he cannot recover.

Judgment entered in the circuit court should be reversed and one ordered in accordance herewith. Costs of both courts to defendant.

WIEST, J., concurred with NORTH, J.