SEXTON v. NIEWOONDER.

1. AUTOMOBILES — INTERSECTIONS — CONTRIBUTORY    NEGLIGENCE —
QUESTION FOR JURY.
    In action for injuries sustained in collision of cars at an inter-
    section of city streets, where intervening corner between east-
    bound plaintiff and southbound defendant was occupied by a
    store and a truck which obstructed the view, jury's verdict
    for plaintiff on issue of contributory negligence *held*, not
    against the great weight of the evidence.

2. APPEAL AND ERROR—OFFER OF SETTLEMENT AS ADMISSION OF LIA-
BILITY—REVERSIBLE ERROR.
    In automobile accident case where issue of contributory negli-
    gence was a close one, admission of testimony of an offer of
    settlement for the purpose of showing an admission of liability
    *held*, reversible error.

BOYLES, J., dissenting in part.

Appeal from Kalamazoo; Weimer (George V.), J.
Submitted October 17, 1940.    (Docket No. 89,
Calendar No. 41,297.)    Decided February 7, 1941.

Case by Ada Sexton against William Niewoonder
for damages arising out of an automobile accident.
From verdict and judgment for plaintiff and from
denial of motions for judgment notwithstanding
verdict and for new trial, defendant appeals. Re-
versed and new trial granted.

*C. M. Robson* and *L. F. Porter* (*L. J. Crum*, of
counsel), for plaintiff.

*Howard, Howard & Howard*, for defendant.

BOYLES, J. (*dissenting in part*).   This is an action
for damages arising out of an automobile accident
at a highway intersection.   In the forenoon of June
8, 1939, plaintiff was driving an automobile east on
Norway avenue in the residential section of Kalama-
zoo.   Defendant was driving south on North Church
street.   Neither highway is a stop street.   The
automobiles collided at a point slightly south and
west, of the center of the intersection.   Defendant's
car struck the left front wheel and fender of plain-
tiff's car.   Trial was had before a jury resulting in
a verdict of $2,833.33 for plaintiff.   Defendant's mo-
tion for judgment *non obstante veredicto* was denied,
and, after judgment was entered, defendant moved
for a new trial.   The motion was denied and defend-
ant appeals.

Defendant makes the following claims as grounds
for reversal: That plaintiff was guilty of contribu-
tory negligence as a matter of law; that plaintiff
failed to prove due care and freedom from contribu-
tory negligence; that the verdict was against the
weight of the evidence as to contributory negligence;
that the verdict was excessive; and that the court
erred in several respects in admitting testimony.

(a) Was plaintiff guilty of contributory negli-
gence as a matter of law?   (b) If not, was the verdict
contrary to the weight of the evidence?

Plaintiff testified that the accident occurred on a
clear day; she was familiar with the intersection;
there was a grocery store at the northwest corner
of the intersection, flush with both sidewalks; there
was a truck parked south of the store on Norway
avenue; plaintiff's view up North Church street was
obstructed by the store and truck until she reached
the east line of the truck and the store front which
was about 40 feet from the center line of North
Church street; she looked to the left as she went by

the store and truck; she first saw defendant's automobile when it was about 150 feet from the intersection; she observed defendant slowing down for about 50 feet and reducing his speed by about 10 miles per hour, and started on across the intersection; her speed was 12 to 15 miles per hour; she looked to the right, no car was approaching from that direction; she next saw defendant's car on her left about six feet from the point of impact; the wheels of his automobile were straddling the center line.

Defendant was cross-examined by plaintiff's counsel as a part of plaintiff's proofs. The record does not show whether he was called as an adverse party for cross-examination under the statute.* He testified he was going about 25 miles an hour as he approached the intersection; that when he was 35 feet north of the intersection of Norway avenue he looked to the right and didn't see anything; that he was about six feet from plaintiff's car when he first saw it; that he tried to turn to the left to avoid striking; that he hit the left front wheel and fender of her car; that after the collision he turned left; that the only observation he made to the right was when he was at a point 35 feet north of the center; that the store and parked truck constituted an obstruction to his seeing part of Norway avenue as he came down North Church street; that he first saw plaintiff's car when he was about six feet north of the center and at that time plaintiff's car was about three feet west and south of the center; he attempted to avoid collision by turning to the left; his left front wheel was east of the center line of North Church street when the collision occurred.

* See 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—Reporter.

A witness for plaintiff, who saw the accident, saw both cars approaching the intersection, testified defendant was going a little faster than plaintiff; didn't notice that plaintiff decreased the speed of her car; knew there was going to be an accident. Another witness for plaintiff testified plaintiff was driving between 25 and 30 miles an hour when she went by the back of the store, 50 or 60 feet west of the front, and that plaintiff was not slowing down.

Defendant's wife, who was with him in his car, testified on his behalf that they approached the intersection at approximately 25 miles an hour; that she personally made observation toward the west along Norway avenue when they were about 15 feet from the crosswalk; that she did not observe any traffic on Norway; that as they proceeded into the intersection, she again looked west and observed plaintiff's car about six feet away; that she didn't see plaintiff's car long enough to state whether plaintiff slowed down or took any precautions.

The jury evidently accepted plaintiff's version that she observed defendant's car for a distance of about 50 feet slowing down 10 miles an hour and, therefore, considered it safe to proceed. See *Burton* v. *Yellow & Checker Cab & Transfer Co.,* 283 Mich. 384. Plaintiff also had the right to place some reliance upon the fact that she was about to enter the intersection from the street on the right of the defendant. 1 Comp. Laws 1929, § 4712 (Stat. Ann. § 9.1580) ; *Kiefer* v. *Fink,* 236 Mich. 274 ; *Tregonning* v. *Castantini,* 243 Mich. 233. Where defendant claims that plaintiff was guilty of contributory negligence as a matter of law, the testimony is accepted in the light most favorable to plaintiff. *Rathburn* v. *Riedel,* 291 Mich. 652 ; *Gayden* v. *Arabais,* 292 Mich. 651. If we were to accept, as controlling, the testimony that plaintiff failed to look again to the left,

for defendant's car, after she looked to the right, whereby she might have avoided the accident, plaintiff would be guilty of contributory negligence. *Wells* v. *Oliver,* 283 Mich. 168; *Boerema* v. *Cook,* 256 Mich. 266. But, see, also, *Swainston* v. *Kennedy,* 253 Mich. 518. It is apparent from a careful consideration of the many decided cases that highway intersection automobile damage cases must invariably depend upon the facts and circumstances of each case. In the case at bar, there are elements which, standing alone, would control the question of contributory negligence. In the final analysis, each driver must be held to the use of such care as is commensurate with conditions. *Rathburn* v. *Riedel, supra.* It is apparent from a careful examination of the entire record that the verdict of the jury was contrary to the weight of the evidence. Plaintiff failed to establish due care and freedom from contributory negligence by a preponderance of the evidence.

The husband of plaintiff was permitted to testify to a telephone conversation between himself and defendant a few minutes after the accident. The sole purpose in calling plaintiff's husband as a witness was to show this conversation. He testified that the defendant called him and said:

"That he was the fellow that ran into Mrs. Sexton, and he notified his representative to get in touch with me at the hospital right away and make a settlement. * * *

"I told him that I wouldn't consider a settlement then."

Defendant's counsel moved that this testimony be stricken and the jury instructed to disregard it, which motion was denied. The jury were not instructed in regard to it. Defendant claims the pur-

pose of this testimony was (1) to inject into the case the impression that defendant was insured, by having his "representative" make a settlement; and (2) to show an offer of compromise or settlement, thereby indicating an admission of liability. Defendant claims that its admission was error when coupled with questions asked jurors by the court in regard to automobile insurance on the *voir dire* examination. Such questions, if any, are not disclosed by the record. We are not impressed with the claim that the mere use of the word "representative" was improper. It was, however, error to admit testimony of an offer of settlement for the purpose of showing an admission of liability. *Crane* v. *Ross,* 168 Mich. 623; *Olshove* v. *Railroad Co.,* 263 Mich. 579.

We have examined defendant's requests to charge and find that they were substantially covered. The other errors complained of are not likely to occur on a retrial.

Reversed and new trial granted, with costs to defendant.

North, J. While on the issue of contributory negligence this appeal presents a close question as to whether the jury's verdict in favor of plaintiff was against the great weight of evidence, I am not in accord with reversal on that ground. But because this is a borderline case on a controlling factual issue, I concur with the result reached by Mr. Justice Boyles on the ground that admission of the testimony of plaintiff's husband was prejudicial to defendant and under the circumstances calls for reversal. Costs to appellant.

Sharpe, C. J., and Bushnell, Chandler, McAllister, Wiest, and Butzel, JJ., concurred with North, J.