NETTIE ANDERBERY, APPELLEE, V. HERMAN KATZ, APPELLANT.

8 N. W. (2d) 207

FILED FEBRUARY 26, 1943. No. 31445.

*Chambers, Holland & Locke,* for appellant.

*L. R. Doyle* and *Paul W. White, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

This is a suit for personal injuries sustained by plaintiff in a collision between two automobiles. From a judgment entered on the verdict for $1,200, the defendant appeals.

The assignments of error relied upon for a reversal charge, first, that the evidence shows that the plaintiff was guilty of more than slight negligence, which directly contributed to, and was the proximate cause of, the accident;

second, because the evidence is insufficient to sustain the verdict.

An examination discloses that on October 1, 1940, at 7:15 p. m., the plaintiff was driving her 1936 Chevrolet coupé west on K street, in front of the State House, at a speed of 15 to 18 miles an hour; that she slowed down as she approached Fourteenth street to about 10 or 12 miles an hour, and when she had passed the St. Mary's Cathedral she looked to the north and could see no car coming. She then looked to the south and entered the intersection. Her attention was then directed to some pedestrians who were on the crosswalk ahead of her. The front of her car was approaching the crosswalk line when the 1939 Chevrolet sedan of the defendant struck the coupé of the plaintiff violently on the right rear fender, whirling it about and injuring the plaintiff.

The plaintiff testified she did not see the defendant's car at all before it struck her. The defendant was driving south on Fourteenth street, there being no stop sign at that time at the K street intersection. He admitted to the police that he had been driving 25 miles an hour, but testified he did not see plaintiff's car until he was within eight or nine feet of it. The headlights were lighted on both cars.

The defendant testified that, when he went into the intersection, "I did look partly, when I went into the intersection I slowed up. Q. By partly what do you mean? A. I looked to the left. However, the windshield wiper was going at the time and I don't believe my vision was any too good there. Q. When did you decide you looked to the left? Are you positive about that or is that a guess? A. No, I am pretty sure I looked to the left. Q. Didn't you say in your deposition that you doubted whether you looked in either direction before you went in there? * * * A. Well, I was not certain."

As the result of this collision, the plaintiff was taken to her home at 1701 K street, just three blocks from where the accident happened, and her daughter, with whom she lived, took care of her, and the doctor, when called later,

treated her for injuries to her back, neck, hip and arms, in which she suffered severe pain.

As a result of the accident, she cannot do much of the housework which she did before, she cannot comb her hair, she had a stiff neck, her spine was injured so that she has been compelled to wear a sacroiliac belt, without which she cannot walk. She has taken a great many heat treatments, and still bears the effects of the injuries she received.

We are cited to many Nebraska cases which hold that, if the evidence establishes that the plaintiff's negligence is more than slight, it is the duty of the court to direct a verdict, but in the case at bar we believe that the trial court was justified in overruling the motion for a directed verdict made at the close of all the evidence.

Our attention is called to the case of *Klement v. Lindell,* 139 Neb. 540, 298 N. W. 137, in which it is said that the plaintiff by his own negligence failed to see the truck when he was in a position to see it, and continued a negligent course, driving directly in front of the truck, and that his failure to use proper precautions made him guilty of contributory negligence more than slight. Other cases with similar holdings are *Nelson v. Plautz,* 130 Neb. 641, 265 N. W. 885; *Thrapp v. Meyers,* 114 Neb. 689, 209 N. W. 238.

In the case at bar, the plaintiff testified that she looked north on Fourteenth street and saw no car close to her; that she then looked to the south to see if it was safe for her to proceed across the intersection and, finding that it was, she slowly drove through the intersection; that after she had crossed the center line of Fourteenth street her attention was directed to two pedestrians who were about to cross the street from the north side, but they waited for her.

Another intersection case is *Ritter v. Hering,* 135 Neb. 1, 280 N. W. 231, in which Chief Justice Goss said that the plaintiff should have known that he was approaching an arterial highway, on which fast-moving traffic has the right of way, and that he entered such highway without stopping, as required by the stop sign, and this was considered as more than slight negligence on the part of the plaintiff, requiring a reversal of the judgment.

The defendant cites *Bergendahl v. Rabeler*, 133 Neb. 699, 276 N. W. 673, which is another intersection collision. In this opinion Judge Carter says that, for the plaintiff to recover, it must be established that except for the negligence of the defendant the accident would not have occurred, and the record fails to show that the defendant was guilty of any negligence, while on the other hand the driver of the other car had defective brakes and failed to look for cars approaching the intersection, and that the motion for a directed verdict should have been sustained. These cases cited by the defendant are not applicable to the facts in the case at bar.

In the instant case, the defendant was traveling faster than the plaintiff was traveling. The plaintiff's brakes were in good shape, and she not only entered the intersection first but her car was nearly through the intersection at the time it was struck. As a usual thing, when one has reached the center of an intersection, it is then his duty to watch the pedestrians on the crosswalk ahead of him.

This court has very recently held, in effect, that a motorist is guilty of negligence, and liable for resulting damages, where he drives into the center of the intersection of city streets without slackening speed or changing his course and runs violently into the automobile of another motorist who has the right of way and who is free from negligence. *DeBus v. Amen, ante*, p. 109, 5 N. W. (2d) 92.

"Where sole question on appeal was whether motorist who recovered damages sustained in automobile collision was contributorily negligent as matter of law, testimony most favorable to motorist must be accepted as true." *Rathburn v. Riedel*, 289 N. W. 285 (291 Mich. 652).

This case involves a disputed question of fact as to whether plaintiff was guilty of negligence to that degree that she cannot recover. The trial court gave the jury the approved instruction thereon, and the jury passed upon that question. In our opinion, there was no prejudicial error in the record, and the judgment is

AFFIRMED.

Rose and Eberly, JJ., not participating.