BESSIE G. RODERICK, EXECUTRIX, APPELLANT, V. P. G.
WIENS, REAL NAME UNKNOWN, APPELLEE.
12 N. W. 2d 843

FILED FEBRUARY 4, 1944. No. 31670.

*Melvin Moss, W. J. Moss* and *Hartigan & Skultety*, for appellant.

*Baldwin & Pike, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an action in replevin brought by the executrix of the estate of John W. Roderick, deceased, to recover possession of a stock of hardware and fixtures located in a certain building in Hubbell, Nebraska. A writ of replevin was issued and the property turned over to the plaintiff. The trial court directed a verdict for the defendant on the question of the right of possession of the property and submitted the question of defendant's damages to a jury. The jury

returned a verdict, finding the value of the property to be the sum of $4,100, that defendant was entitled to $1,845 for loss and depreciation, and that he was further damaged in the amount of $360.11. From a judgment entered on this verdict the plaintiff appeals.

The petition alleges that John W. Roderick, in his lifetime and on December 2, 1935, became the owner of the hardware stock and fixtures involved in this action by virtue of a bill of sale executed and delivered to him by the defendant Wiens. The answer admits the execution and delivery of the bill of sale and alleges affirmatively that the bill of sale was given without consideration, that it was not accompanied by a delivery of possession of the stock of hardware and fixtures and that it was given to Roderick as a matter of accommodation to improve his credit with parties from whom he was seeking financial assistance. The answer further alleges that said property has at all times since the giving of the bill of sale remained in the exclusive possession of the defendant Wiens, that the property described in the bill of sale was not the property taken under the writ of replevin, and that the action is barred by the statute of limitations.

In considering the evidence, for the purpose of reviewing the correctness of the trial court's order directing a verdict for the defendant on the question of the right of possession of the property replevied, we will assume the existence of every material fact which the evidence of plaintiff tends to establish, as well as all reasonable inferences to be drawn therefrom. *Anderbery v. Katz*, 142 Neb. 872, 8 N. W. 2d 207. Where different minds may reasonably draw different conclusions from the same facts, the issues which such facts tend to support should be submitted to a jury. The first question to be determined is whether the trial court properly instructed the jury that the right of possession of the property replevied was in the defendant as a matter of law.

The trial court appears to have directed a verdict for defendant as to the right of possession on the theory that

plaintiff did not establish that the property replevied was the same property as that described in the bill of sale. The pertinent part of the description contained in the bill of sale is as follows: "and said P. G. Wiens has hereby bargained and sold and by these presents does grant and convey unto J. W. Roderick, * * * all of the stock of hardware, fixtures, tools, book accounts and equipment of every kind and nature and with all appurtenances thereunto belonging and being a part of the P. G. Wiens and Company Hardware Store, located on Lots 7 and 8, Block 5, Original town of Hubbell, Nebraska, * * *. The intention herein being to convey to the said J. W. Roderick all of the interest of P. G. Wiens in the Hardware Store and Implement Store with all appurtenances thereunto belonging, to the said J. W. Roderick." The itemized list of the property replevied consists of several pages showing in detail the items of merchandise and fixtures found in the store building described in the bill of sale. Does the bill of sale describe the property sufficiently to sustain plaintiff's case? We think it does. The recited description is sufficient as between the parties to convey the title to all the items located in the store building on Lots 7 and 8, Block 5, Original Town of Hubbell, Nebraska, which can properly be classified as a part of the stock of hardware, fixtures, tools, book accounts and equipment of every kind and nature and which is a part of the P. G. Wiens and Company Hardware Store.

It is not necessary that the chattels to be assigned should be specifically enumerated in the bill of sale, or that an inventory or schedule of them should be annexed. It is sufficient to use a general description where a third person might identify the property by the aid of inquiries which the instrument itself suggests. This rule has been repeatedly announced with regard to chattel mortgages and we think the same rule applies to bills of sale. *Buck v. Davenport Savings Bank*, 29 Neb. 407, 45 N. W. 776; *Love v. Putnam*, 41 Neb. 86, 59 N. W. 691; *Security State Bank v. Schomberg*, 119 Neb. 598, 230 N. W. 487. A chattel mortgage which would be invalid as against creditors and pur-

chasers in good faith by reason of defective description of the property mortgaged may be good as between mortgagor and mortgagee, where the property in fact mortgaged can be identified. *First Nat. Bank of Holdrege v. Johnson*, 68 Neb. 641, 94 N. W. 837. We think this rule likewise applies to bills of sale.

It is urged that the property taken under the writ of replevin is not the same as that described in the bill of sale, for the reason that sales of merchandise had been made therefrom and replacements made by purchases of new goods. We think the circumstances indicate that this was the intent of the parties. Ordinarily a bill of sale is used to transfer chattel property from one person to another when the sale is not accompanied by actual delivery, for if delivery is made no writing is necessary, except where required by our statutory law. We think the parties contemplated the transfer of the title to the stock of hardware, fixtures, tools, book accounts and equipment constituting a part of the P. G. Wiens and Company Hardware Store located on the land specifically described in the bill of sale to the plaintiff without the delivery of possession and with the intention that it should continue to operate as theretofore. Changes in the stock by sale and purchase were therefore contemplated. The intention of the parties must be given effect under these circumstances. This rule came to us from the common law of England. In the early case of *Jarman v. Woolloton*, 3 T. R. 618, the court said: "The objection arising from the want of a schedule annexed has no weight: if a schedule were necessary, here was an inventory which will sufficiently answer the purpose. But I think it is unnecessary, considering the nature of the property; it was not always to remain in the same state; the very object of the settlement was that the wife should sell the goods and purchase others, in order to make a profit of them." As between the parties, therefore, there can be no question that the description contained in the bill of sale was sufficient to identify the property taken under the writ of replevin. This being true, the bill of sale, admitted to

have been executed and delivered by the defendant, is sufficient in the absence of contradictory evidence to make a case for the plaintiff.

The allegations of the defendant to the effect that there was no consideration, that the bill of sale was given for credit accommodation and that the action was barred by the statute of limitations are affirmative defenses which the defendant and not the plaintiff will be required to establish.

We conclude that the trial court was in error in directing a verdict for the defendant on the theory that the defendant was entitled to the right of possession of the property replevied as a matter of law. The judgment is reversed and the cause remanded for a new trial in accordance with the view expressed herein.

REVERSED.